In the Matter of GHISLAINE CHARLES, Respondent, v CLAUDE L. CHARLES, Appellant. (Proceeding No. 1.) In the Matter of CLAUDE L. CHARLES, Appellant, v DARIO CHARLES, Respondent. (Proceeding No. 2.) [799 NYS2d 822]—

In related family offense proceedings pursuant to Family Court Act article 8, the father, Claude L. Charles, appeals from (1) an order of protection of the Family Court, Nassau County (Eisman, J.), dated November 24, 2003, which, inter alia, directed that he stay away from the mother, Ghislaine Charles, vacate the marital residence, and refrain from communicating with the mother until November 24, 2008 (proceeding No. 1), and (2) an order of the same court also dated November 24, 2003, which, after a hearing, dismissed the petition against his son, Dario Charles (proceeding No. 2).

Ordered that the order of protection in proceeding No. 1 is modified, on the law, by adding thereto a decretal paragraph finding that aggravating circumstances exist including violent and harassing behavior by the father towards the mother which constitute an immediate and ongoing danger to the mother; as so modified, the order of protection is affirmed, without costs or disbursements; and it is further,

Ordered that the order in proceeding No. 2 is affirmed, without costs or disbursements.

As the trier of fact, the Family Court's determination regarding the credibility of witnesses is entitled to great weight (*see Smith v Antonio,* 239 AD2d 509 [1997]; *see also De La Cruz v Colon,* 16 AD3d 496 [2005]; *Matter of Marino v Marino,* 13 AD3d 537, 537-538 [2004]), and its finding that the father's testimony was incredible is supported by the record. We find no basis to

disturb the Family Court's finding that the father failed to establish a prima facie case that the son committed a family offense.

Contrary to the father's contention, there was sufficient evidence to support the Family Court's finding of the existence of aggravating circumstances (*see Matter of Flascher v Flascher*, 298 AD2d 393 [2002]; Family Ct Act § 827 [a] [vii]). The order of protection is thus modified to include this finding in compliance with Family Court Act § 842 (*see Matter of Flascher v Flascher, supra; Matter of Muller v Muller*, 221 AD2d 635 [1995]).

The evidence established that the father engaged in physical violence against the mother. Thus, a directive to the father to vacate the marital residence was reasonably necessary to provide meaningful protection to the mother and to eradicate the root of the family disturbance (*see Merola v Merola*, 146 AD2d 611, 611-612 [1989]).

The father's remaining contentions are unpreserved for appellate review. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.