■ In the Matter of VARTKES HAGOPIAN, Appellant, v KATHLEEN HAGOPIAN, Respondent. [887 NYS2d 682]—

In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of the Family Court, Suffolk County (Tarantino, Jr., J.), dated November 13, 2008, which, after a fact-finding hearing, in effect, granted the wife's motion, made at the close of the husband's testimony, to dismiss the petition for failure to establish a prima facie case.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the wife's motion which were to dismiss those portions of the petition alleging the commission of the family offenses of harassment in the second degree and disorderly conduct, and substituting therefor a provision denying those branches of the motion; as so modified, the

order is affirmed, with costs, and the matter is remitted to the Family Court, Suffolk County, for the issuance of an appropriate temporary order of protection and a new fact-finding hearing and determination on those portions of the petition.

The husband, age 74, and the wife, age 66, have been married since 1989 and reside together in Holbrook, New York. Prior to the commencement of the instant proceeding, the wife had commenced an action for a divorce. On June 30, 2008, the husband filed a family offense petition seeking an order of protection against the wife in Family Court, alleging that she had committed acts that constituted harassment in the first degree, harassment in the second degree, aggravated harassment in the second degree, disorderly conduct, and reckless endangerment.

At the ensuing hearing, the husband testified that over the course of four days following his return home from hip replacement surgery, the wife verbally abused him with profanities and screamed at him in front of his son, demanded that he move out, threw his medication on the floor where he could not reach it, removed and hid his medical equipment, and slammed doors and screamed in his face while he was sleeping. The Family Court granted the wife's motion, made at the close of the husband's testimony, to dismiss the petition for failure to establish a prima facie case. We modify.

The Family Court properly granted those branches of the wife's motion which were to dismiss those portions of the petition alleging the commission of the family offenses of harassment in the first degree, aggravated harassment in the second degree, and reckless endangerment in the second degree (*see* Penal Law §§ 240.25, 240.30, 120.20; *Matter of Shaniqua W.,* 262 AD2d 496 [1999]). However, the husband's testimony was sufficient to establish a prima facie case of harassment in the second degree (*see* Penal Law § 240.26; *Matter of Robbins v Robbins,* 48 AD3d 822 [2008]; *Matter of Rankoth v Sloan,* 44 AD3d 863, 864 [2007]), as well as disorderly conduct (*see* Penal Law § 240.20; *Matter of Nusbaum v Nusbaum,* 59 AD3d 725 [2009]; *Matter of Bhanote v Bhanote,* 22 AD3d 490 [2005]). Accordingly, we remit the matter to the Family Court, Suffolk County, for the issuance of an appropriate temporary order of protection and a new fact-finding hearing and determination on those portions of the petition (*see* Family Ct Act § 832; *Matter of Bhanote v Bhanote,* 22 AD3d at 490). Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.