██ In the Matter of LORETTA MISTRETTA, Appellant, v PETER MISTRETTA, Respondent. [926 NYS2d 582]—

In a family offense proceeding pursuant to Family Court Act article 8, the mother appeals, as limited by her brief, from (1) so much of an order of protection of the Family Court, Suffolk County (Hoffman, J.), dated September 8, 2010, as, upon the denial of that branch of her petition which was, in effect, to direct the father to vacate and stay away from the marital residence, failed to direct the father to vacate and stay away from the marital residence, and (2) so much of an order of the same court dated September 25, 2010, as, after a fact-finding hearing, and upon a finding that the father violated a temporary order of protection, directed the father to pay counsel fees in the sum of only $200.

Ordered that the order of protection dated September 8, 2010, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and that branch of the petition which was, in effect, to direct the father to vacate and stay away from the marital residence is granted; and it is further,

Ordered that the order dated September 25, 2010, is reversed insofar as appealed from, on the law, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that one bill of costs is awarded to the mother.

The Family Court determined that the father committed acts on November 7, 2009, and on July 3, 2010, which constituted family offenses. The Family Court issued an order of protection to the mother pursuant to Family Court Act § 842 which required the father, inter alia, to refrain from committing any acts of assault, forcible touching, intimidation, or any criminal offense against the mother and the parties' children. However, the Family Court, upon the denial of that branch of the mother's petition which was, in effect, to direct the father to vacate and stay away from the marital residence, failed to make such directive. Upon our review of the record, we conclude that the Family Court improvidently exercised its discretion by denying that

branch of the petition which was, in effect, to direct the father to vacate and stay away from the marital residence. The record demonstrates that the father engaged in physical violence against the parties' eldest son and the mother. Consequently, a directive to the father to vacate and stay away from the marital residence is reasonably necessary to provide meaningful protection to the mother and the parties' children, and to eradicate the root of the family disturbance (see Matter of Charles v Charles, 21 AD3d 487, 488 [2005]; Matter of Amy Cohen L. v Howard N.L., 222 AD2d 677 [1995]; Merola v Merola, 146 AD2d 611, 612 [1989]).

In directing the father to pay reasonable counsel fees upon finding that the father violated a temporary order of protection (see Family Ct Act § 846-a), the Family Court awarded an amount of fees that was insufficient and lacked foundation in the record. Accordingly, the matter must be remitted to the Family Court, Suffolk County, for a hearing to determine the amount of reasonable and necessary counsel fees incurred by the mother in connection with her violation petition (see Family Ct Act § 846-a; Matter of Hallissey v Hallissey, 261 AD2d 544, 545 [1999]; Matter of Rogers v Rogers, 161 AD2d 766, 767 [1990]).

The mother's remaining contentions are without merit. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.