In the Matter of MIA SMITH, Respondent, v FRANCK AMEDEE, Appellant. [956 NYS2d 172]—

"The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court" (*Matter of Creighton v Whitmore*, 71 AD3d 1141, 1141 [2010]; *see* Family Ct Act §§ 812, 832; *Matter of Kaur v Singh*, 73 AD3d 1178 [2010]), "and that court's determination regarding the credibility of witnesses is entitled to considerable deference on appeal" (*Matter of Cruz v Rodriguez*, 96 AD3d 838, 838 [2012]; *see Matter of Kaur v Singh*, 73 AD3d at 1178; *Matter of Creighton v Whitmore*, 71 AD3d at 1141). Contrary to the appellant's contention, a fair preponderance of the credible evidence supported the Family Court's determination that he committed acts which constituted the family offenses of disorderly conduct (*see* Penal Law § 240.20 [1]; Family Ct Act § 812 [1]; *Matter of Pearlman v Pearlman*, 78 AD3d 711 [2010]), reckless endangerment in the second degree (*see* Penal Law § 120.20; Family Ct Act § 812 [1]; *Matter of Knibbs v Zeman*, 86 AD3d 568 [2011]), and harassment in the second degree (*see* Penal Law § 240.26 [1]; Family Ct Act § 812 [1]; *Matter of Kaur v Singh*, 73 AD3d at 1178), warranting the issuance of an order of protection.

The appellant's remaining contentions are either without merit or not properly before this Court. Mastro, J.P., Angiolillo, Sgroi and Miller, JJ., concur.