In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Lubow, J.), dated January 11, 2012, as, after a fact-finding hearing, dismissed so much of her petition as alleged that Mariano Biondo committed the family offenses of harassment in the second degree and disorderly conduct.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
A family offense must be established by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Pearlman v Pearlman, 78 AD3d 711, 712 [2010]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the credibility determinations of that court, which has the advantage of seeing and hearing the witnesses, are entitled to considerable deference on appeal (see Matter of Smith v Amedee, 101 AD3d 1033 [2012]; Matter of Richardson v Richardson, 80 AD3d 32, 43-44 [2010]). Here, contrary to the appellant’s contention, the Family Court *948 properly determined that the evidence adduced at the fact-finding hearing was insufficient to establish the family offenses of harassment in the second degree and disorderly conduct (see Penal Law §§ 240.26, 240.20; Matter of Mamantov v Mamantov, 86 AD3d 540, 541 [2011]; Matter of Cavanaugh v Madden, 298 AD2d 390, 391-392 [2002]).
The appellant’s remaining contention is without merit.
Accordingly, the Family Court properly dismissed so much of the petition as alleged that Mariano Biondo committed the family offenses of harassment in the second degree and disorderly conduct. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.