■ In the Matter of DONNA HUBBARD, Respondent, v RAYMOND PONCE DELEON, Appellant. [968 NYS2d 392]—

In a family offense proceeding pursuant to Family Court Act article 8, Raymond Ponce DeLeon appeals from (1) an order of protection of the Family Court, Kings County (Hepner, J.), dated January 31, 2012, which, inter alia, directed him to stay away from the petitioner for a period of five years, and (2) an order of fact-finding and disposition of the same court dated February 1, 2012, which, after a hearing, found that he had committed certain family offenses and which, upon a finding of aggravating circumstances, directed him to comply with the conditions set forth in the order of protection dated January 31, 2012, and placed him on probation under the supervision of the Probation Department of Kings County for a period of one year.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the appellant on probation under the supervision of the Probation Department of Kings County for a period of one year is dismissed as academic, as the period of probation has expired; and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements; and it is further,

Ordered that the order of fact-finding and disposition is modified, on the facts, by deleting the provision thereof finding that the appellant committed the family offense of attempted assault in the second degree; as so modified, the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

A family offense must be established by a fair preponderance of the evidence (*see* Family Court Act § 832; *Matter of Chu Man Woo v Qiong Yun Xi*, 106 AD3d 818 [2013]; *Matter of Marte v Biondo*, 104 AD3d 947 [2013]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the credibility determinations of that court, which has the advantage of seeing and hearing the witnesses, are entitled to considerable deference on appeal" (*Matter of Marte v Biondo*, 104 AD3d at 947; *see Matter of Smith v Amedee*, 101 AD3d 1033 [2012]).

Here, a fair preponderance of the credible evidence did not support the Family Court's determination that the appellant committed the family offense of attempted assault in the second degree (*see* Family Ct Act §§ 812 [1]; 832; Penal Law §§ 110.00, 120.05 [1]; *People v McGee*, 20 NY3d 513, 519 [2013]; *cf. People v Andrews*, 78 AD3d 1229, 1230-1231 [2010]; *People v Bruno*, 47 AD3d 1064, 1066 [2008]). However, a preponderance of the credible evidence adduced at the fact-finding hearing supports the

Family Court's finding that the appellant committed the family offenses of assault in the third degree (*see* Penal Law § 120.00 [1]; *Matter of Stewart v Lassiter*, 103 AD3d 734 [2013]; *cf. Matter of Opray v Fitzharris*, 84 AD3d 1092, 1093 [2011]), menacing in the third degree (*see* Penal Law § 120.15; *Matter of Denzel F.*, 44 AD3d 389, 390 [2007]), stalking in the fourth degree (*see* Penal Law § 120.45 [1]; *Matter of Ciccone v Ciccone*, 73 AD3d 1052 [2010]), harassment in the second degree (*see* Penal Law § 240.26 [1]; *Matter of Janice M. v Terrance J.*, 96 AD3d 482 [2012]; *Matter of Czop v Czop*, 21 AD3d 958, 959 [2005]), and disorderly conduct (*see* Family Ct Act § 812 [1]; Penal Law § 240.20 [1]; *Matter of Hagopian v Hagopian*, 66 AD3d 1021, 1022 [2009]; *Matter of Miriam M. v Warren M.*, 51 AD3d 581 [2008]; *Matter of Bhanote v Bhanote*, 22 AD3d 490 [2005]). Further, the Family Court's finding that aggravating circumstances were present was supported by the record (*see* Family Ct Act § 827 [a] [vii]; *Matter of Kaur v Singh*, 101 AD3d 877, 878 [2012]; *Matter of Bailey-Felton v Felton*, 90 AD3d 652 [2011]; *Matter of Holder v Francis*, 67 AD3d 679 [2009]).

Based on the foregoing, there is no basis to disturb the order of protection. Rivera, J.P., Skelos, Leventhal and Lott, JJ., concur.