■ In the Matter of JAYASREE S. PARAMESWAR, Respondent, v KRISHNA PARAMESWAR, Appellant. [970 NYS2d 793]—

In a family offense proceeding pursuant to Family Court Act article 8, Krishna Parameswar appeals from an order of protec-

tion of the Family Court, Queens County (Hunt, J.), dated June 8, 2012, which, after a hearing, and upon a finding that he committed the family offenses of harassment in the second degree (two offenses) and disorderly conduct, directed him, inter alia, to stay away from Jayasree S. Parameswar until and including June 7, 2013.

Ordered that the order of protection is affirmed, without costs or disbursements.

Although the order of protection expired by its own terms on June 7, 2013, in light of the enduring consequences which may potentially flow from a finding that the appellant committed a family offense, the appeal has not been rendered academic (*see e.g. Matter of Hefley v Favors*, 106 AD3d 909 [2013]; *Matter of Wallace v Wallace*, 45 AD3d 599 [2007]; *Matter of DeSouza-Brown v Brown*, 38 AD3d 888 [2007]).

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Thomas v Thomas*, 72 AD3d 834, 835 [2010]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (*see Matter of Maiorino v Maiorino*, 107 AD3d 717 [2013]; *Matter of Kraus v Kraus*, 26 AD3d 494, 495 [2006]). The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal, and will not be disturbed if supported by the record (*see Matter of Kanterakis v Kanterakis*, 102 AD3d 784, 785 [2013]; *Matter of Salazar v Melendez*, 97 AD3d 754, 755 [2012]).

Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supports the Family Court's determination that the appellant committed the family offenses of harassment in the second degree and disorderly conduct (*see* Penal Law §§ 240.26, 240.20; Family Ct Act §§ 812, 832; *Matter of Scanziani v Hairston*, 100 AD3d 1007, 1008 [2012]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.