In a family offense proceeding pursuant to Family Court Act article 8, Michael Miloslau appeals from an order of protection of the Family Court, Putnam County (Rooney, J.), entered July 18, 2012, which, after a hearing, and upon a finding that he committed the family offense of harassment in the second degree, directed him, inter alia, to stay away from Patrice Miloslau and, in effect, the marital residence, until and including July 16, 2014.
Ordered that the order of protection is affirmed, without costs or disbursements.
In a family offense proceeding, the petitioner has the burden of establishing the allegations contained in the petition by a “fair preponderance of the evidence” (Family Ct Act § 832; see Matter of Testa v Strickland, 99 AD3d 917 [2012]; Matter of Thomas v Thomas, 72 AD3d 834, 835 [2010]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Kondor v Kondor, 109 AD3d 660 [2013]; Matter of Shields v Brown, 107 AD3d 1005, 1006 [2013]; Matter of Creighton v Whitmore, 71 AD3d 1141 [2010]). Here, a fair preponderance of the credible evidence supports the Family Court’s determination that the appellant committed the family offense of harassment in the second degree (see Penal Law § 240.26 [1]; Family Ct Act §§ 812, 832; Matter of Parameswar v Parameswar, 109 AD3d 473, 474 [2013]; Matter of Scanziani v Hairston, 100 AD3d 1007, 1008 [2012]).
Under the circumstances presented, the Family Court’s failure to hold a dispositional hearing prior to issuing the order of protection does not require reversal (see Matter of Sperling v *633 Sperling, 96 AD3d 1067 [2012]; Matter of Sblendorio v D’Agostino, 60 AD3d 773, 773-774 [2009]; Matter of Hassett v Hassett, 4 AD3d 527 [2004]). In addition, the order of protection, which directed the appellant, inter alia, to stay away from the petitioner and, in effect, the marital residence, was reasonably necessary to provide meaningful protection to the petitioner (see Matter ofMistretta v Mistretta, 85 AD3d 1034, 1035 [2011]; Matter of Charles v Charles, 21 AD3d 487, 488 [2005]). Rivera, J.E, Hall, Roman and Miller, JJ., concur.