*853 The allegations in a family offense proceeding must be “supported by a fair preponderance of the evidence” (Family Ct Act § 832; see Matter of Khan-Soleil v Rashad, 108 AD3d 544, 545 [2013]; Matter of Jarrett v Jarrett, 102 AD3d 695 [2013]; Matter of Scanziani v Hairston, 100 AD3d 1007 [2012]; Matter of Daoud v Daoud, 92 AD3d 878 [2012]; Matter of Mamantov v Mamantov, 86 AD3d 540, 541 [2011]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court’s determination regarding the credibility of witnesses is entitled to great weight on appeal (see Matter of Pearlman v Pearlman, 78 AD3d 711, 712 [2010]; Matter of Creighton v Whitmore, 71 AD3d 1141 [2010]; Matter of Gray v Gray, 55 AD3d 909 [2008]; Matter of Charles v Charles, 21 AD3d 487 [2005]).
Here, contrary to the appellants’ contention, the record supports the Family Court’s determination that the evidence adduced at the hearing was insufficient to establish that the father committed the family offenses of assault in the second degree, assault in the third degree, menacing in the third degree, and harassment in the second degree against either the mother or the child (see Family Ct Act § 812 [1]; Penal Law §§ 120.00, 120.05, 120.15, 240.26; Matter of Khan-Soleil v Rashad, 108 AD3d at 545). Accordingly, the petition was properly dismissed.
In light of the foregoing, we need not reach the appellants’ remaining contention. Mastro, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.