■ In the Matter of MARY SILVA, Respondent, v ROBERTO SILVA, Appellant. [1 NYS3d 848]—

Appeal from an order of protection of the Family Court, Suffolk County (William J. Burke, Ct. Atty. Ref.), dated November 19, 2013. The order of protection directed Roberto Silva, inter alia, to stay away from and refrain from communicating in any way with the petitioner until and including November 19, 2015.

Ordered that the order of protection is affirmed, without costs or disbursements.

In July 2013, the petitioner filed a family offense petition in Family Court seeking an order of protection against the appellant, alleging that he had committed various family offenses against her. At the time the petition was filed, the parties were married and, even though estranged, resided together in the marital home. After a hearing, the Family Court determined that the appellant's conduct constituted the family offense of harassment in the second degree. The court then issued an order of protection which directed the appellant, inter alia, to stay away from the petitioner, stay away from her home, refrain from any type of communication with her, and refrain from committing any family offense against her, for a period up to and including November 19, 2015.

In a family offense proceeding, the allegations must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Tulshi v Tulshi, 118 AD3d 716, 716 [2014]; Matter of Zina L. v Eldred L., 113 AD3d 852, 853 [2014]; Matter of Miloslau v Miloslau, 112 AD3d 632, 632 [2013]). "The determination of whether a family offense was committed is a

factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal" (*Matter of Zina L. v Eldred L.*, 113 AD3d at 853; *see Matter of Tulshi v Tulshi*, 118 AD3d at 716; *Matter of Kondor v Kondor*, 109 AD3d 660, 660 [2013]), and should not be disturbed unless clearly unsupported by the record (*see Matter of Miloslau v Miloslau*, 112 AD3d at 632). Here, contrary to the appellant's contention, the evidence adduced at the hearing established, by a fair preponderance of the evidence, that he committed acts which constituted the family offense of harassment in the second degree, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; Penal Law § 240.26; *Matter of Parameswar v Parameswar*, 109 AD3d 473, 474 [2013]; *Matter of Hagopian v Hagopian*, 66 AD3d 1021, 1022 [2009]).

Under the circumstances present here, the Family Court's commencement of the dispositional hearing immediately after the fact-finding hearing does not require reversal (*see* Family Ct Act §§ 835, 841; *see also Matter of Sperling v Sperling*, 96 AD3d 1067, 1067 [2012]; *Matter of Sblendorio v D'Agostino*, 60 AD3d 773, 773-774 [2009]). In addition, the order of protection, which directed the appellant, inter alia, to stay away from the home of the petitioner, was reasonably necessary to enable the petitioner to have meaningful protection (*see Matter of Miloslau v Miloslau*, 112 AD3d at 633; *Matter of Mistretta v Mistretta*, 85 AD3d 1034, 1035 [2011]; *Matter of Charles v Charles*, 21 AD3d 487, 488 [2005]).

The appellant's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.