■ In the Matter of Faiza Q. Kiani, Respondent, v Muhammad N. Kiani, Appellant. [22 NYS3d 520]—

Appeal from an order of protection of the Family Court, Nassau County (Conrad D. Singer, J.), dated September 23, 2014. The order of protection, after a hearing, upon a finding that the appellant committed certain family offenses, directed him, inter alia, to stay away from his wife, her daughter, and the parties' sons until and including September 22, 2016.

Ordered that the order of protection is affirmed, with costs.

In September 2014, the wife of Muhammad N. Kiani filed a family offense petition in Family Court seeking an order of protection against Kiani, alleging that he had committed family offenses against her, as well as against her 13-year-old daughter and the parties' sons, ages three and six. At the time the petition was filed, the parties were married and resided together with the three children. Following a fact-finding hearing on the petition, the court determined that Kiani's conduct constituted the family offenses of harassment in the second degree, aggravated harassment in the second degree, disorderly conduct, and menacing in the third degree. Immediately following the fact-finding hearing, the Family Court conducted a dispositional hearing and, thereafter, issued an order of protection, directing, inter alia, Kiani to stay away from his wife, her daughter, and the parties' sons, up to and including September 22, 2016, except for parenting time with the two sons pursuant to future court order.

In a family offense proceeding, the allegations must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Tulshi v Tulshi*, 118 AD3d 716, 716 [2014]; *Matter of Zina L. v Eldred L.*, 113 AD3d 852, 853 [2014]; *Matter of Miloslau v Miloslau*, 112 AD3d 632, 632 [2013]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal" (*Matter of Zina L. v Eldred L.*, 113 AD3d at 853; *see Matter of Tulshi v Tulshi*, 118 AD3d at 716; *Matter of Kondor v Kondor*, 109 AD3d 660, 660 [2013]) and should not be disturbed unless clearly unsupported by the record (*see Matter of Miloslau v Miloslau*, 112 AD3d at 632).

The evidence adduced at the hearing established, by a fair preponderance of the evidence, that Kiani committed acts which constituted the family offenses of harassment in the second degree (Penal Law § 240.26 [1]; *see* Family Ct Act § 812 [1]; *Matter of Smith v Amedee*, 101 AD3d 1033, 1033 [2012]),

disorderly conduct (Penal Law § 240.20 [1]; *see* Family Ct Act § 812 [1]; *Matter of Smith v Amedee*, 101 AD3d at 1033), and menacing in the third degree (Penal Law § 120.15; *see* Family Ct Act § 832; *Matter of Kaur v Singh*, 73 AD3d 1178, 1178 [2010]), warranting the issuance of an order of protection against him (*see Matter of Parameswar v Parameswar*, 109 AD3d 473, 474 [2013]; *Matter of Hagopian v Hagopian*, 66 AD3d 1021, 1022 [2009]). The record shows that, during the incident at issue, Kiani threatened his wife in their two-family home and shoved her, causing her to slam against a wall. In addition, Kiani, in the presence of the parties' sons, also screamed and shouted threats and curses at the wife's daughter, while he slammed doors open and shut, causing the wife to flee from the home with her daughter and sons. The parties' accounts regarding this incident sharply conflicted, and the Family Court credited the testimony of the wife (*see Matter of Musheyev v Musheyev*, 126 AD3d 800, 801 [2015]; *Matter of Saldivar v Cabrera*, 109 AD3d 831, 832 [2013]). As the court's determination is supported by the record, there is no basis to disturb the court's determination as to those family offenses.

The evidence adduced at the hearing did not establish that Kiani committed the family offense of aggravated harassment in the second degree (*see e.g. Matter of Hagopian v Hagopian*, 66 AD3d at 1022), nor had the wife even alleged that Kiani committed this offense in her petition (*see e.g. Matter of Czop v Czop*, 21 AD3d 958, 959 [2005]), and there was no motion to conform the petition to include this offense during or after the fact-finding (*see* CPLR 3025 [c]; *Matter of DiRusso v Hendrick*, 264 AD2d 523, 524 [1999]). Although the Family Court should not have found that Kiani committed that family offense, the order of protection was warranted based upon the court's findings with respect to the other three family offenses.

Under the circumstances presented here, the two-year order of protection was reasonably necessary to enable the wife and the children to have meaningful protection (*see Matter of Miloslau v Miloslau*, 112 AD3d at 632-633).

Kiani's remaining contentions are without merit. Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.