■ In the Matter of SVETLANA NIYAZOVA, Respondent, v DANIEL SHIMUNOV, Appellant. [23 NYS3d 277]—

Appeal from an order of protection of the Family Court, Queens County (Anne-Marie Jolly, J.), dated March 7, 2014. The order of protection, after a hearing, upon a finding that the appellant committed the family offense of harassment in the second degree, directed the appellant, inter alia, to refrain from committing any criminal offenses against the petitioner.

Ordered that the order of protection is affirmed, without costs or disbursements.

Although the order of protection expired by its own terms on March 7, 2015, the appeal has not been rendered academic in light of the enduring consequences which may potentially flow from a finding that the appellant committed the subject family offense (*see Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 671 [2015]; *Matter of Parameswar v Parameswar*, 109 AD3d 473, 474 [2013]).

In a family offense proceeding, the allegations must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Silva v Silva*, 125 AD3d 869, 869 [2015]; *Matter of Miloslau v Miloslau*, 112 AD3d 632, 632 [2013]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal" (*Matter of Tulshi v Tulshi*, 118 AD3d 716, 716 [2014] [internal quotation marks omitted]; *see Matter of Kondor v Kondor*, 109 AD3d 660, 660 [2013]), and should not be disturbed unless clearly unsupported by the record (*see Matter of Miloslau v Miloslau*, 112 AD3d at 632).

Here, the evidence adduced at the hearing established, by a

fair preponderance of the evidence, that the appellant committed acts against the petitioner which constituted the family offense of harassment in the second degree (*see* Penal Law § 240.26 [1]; Family Ct Act § 812 [1]; *Matter of Smith v Amedee*, 101 AD3d 1033, 1033 [2012]), warranting the issuance of an order of protection against him (*see Matter of Parameswar v Parameswar*, 109 AD3d at 474; *Matter of Hagopian v Hagopian*, 66 AD3d 1021, 1022 [2009]). The Family Court found that the petitioner's testimony that the appellant hit her was credible, and the appellant did not refute that portion of the petitioner's testimony. In addition, the petitioner's testimony as to this issue was supported by photographic evidence. Thus, the court's credibility determination is supported by the record and should not be disturbed (*see Matter of Cabeza v Cabeza*, 107 AD3d 793, 794 [2013]; *Matter of Winfield v Gammons*, 105 AD3d 753, 754 [2013]).

The provision of the order which, inter alia, directed the appellant to refrain from committing any criminal offenses against the petitioner, was appropriate as it provided meaningful protection for the petitioner from the appellant consistent with the facts of this case (*see Matter of Garbarino v Garbarino*, 120 AD3d 578, 579 [2014]; *Matter of Miloslau v Miloslau*, 112 AD3d at 632).

The appellant's remaining contentions are without merit. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.