■ In the Matter of SHARON M. COONEY, Respondent, v STEVEN POPLIS, Appellant. [28 NYS3d 342]—Appeal from an order of protection of the Family Court, Queens County (John M. Hunt, J.), dated July 8, 2015. The order of protection, after a hearing, upon a finding that the appellant committed the family offense of harassment in the second degree, directed the appellant, inter alia, to stay away from the petitioner for a period of two years.

Ordered that the order of protection is affirmed, without costs or disbursements.

The petitioner commenced this family offense proceeding against the appellant pursuant to Family Court Act article 8. After a hearing, the Family Court issued an order of protection, inter alia, directing the appellant to stay away from the petitioner for a period of two years.

In a family offense proceeding, the allegations must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Niyazova v Shimunov*, 134 AD3d 1122 [2015]; *Matter of Kiani v Kiani*, 134 AD3d 1036, 1037 [2015]). "The determination of whether a family offense was committed

is a factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of [the] witnesses is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record" (*Matter of Niyazova v Shimunov*, 134 AD3d at 1122 [internal quotation marks and citations omitted]; *see Matter of Kiani v Kiani*, 134 AD3d at 1037).

Here, the evidence at the hearing established, by a fair preponderance of the evidence, that the appellant committed the family offense of harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26 [3]). There is, therefore, no basis to disturb the Family Court's determination. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.