In the Matter of NADEGE PIERRE, Appellant, v OUSMANE DAL, Respondent. (Proceeding Nos. 1 and 2.) In the Matter of OUSMANE DAL, Respondent, v NADEGE PIERRE, Appellant. (Proceeding Nos. 3 and 4.) [37 NYS3d 317]—

Appeals by the mother from two orders of the Family Court, Suffolk County (Martha L. Luft, J.), both dated August 14, 2014, and an order of protection of that court, also dated August 14, 2014. The first order, insofar as appealed from, after a hearing, inter alia, granted the father's petition for sole legal and physical custody of the parties' child, with visitation to the mother, in effect, denied the mother's petition for sole custody of the subject child, found that the mother committed the family offense of harassment in the second degree, and granted the father's family offense petition. The second order dismissed the mother's family offense petition and vacated all temporary orders of protection issued against the father in connection with the mother's family offense petition. The order of protection imposed certain conditions upon the mother until and including February 14, 2015.

Ordered that the first order dated August 14, 2014, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the second order dated August 14, 2014, and the order of protection are affirmed, without costs or disbursements.

The parties have one child in common, who was born in 2012. In August 2013, the mother and the father each filed family offense petitions against the other; each petition alleged, among other things, each party's respective version of an incident that occurred that month. In that same month, the father filed a petition seeking custody of the child. In September 2013, the mother also filed a petition seeking custody of the child. Temporary orders of protection were issued on behalf of each party in connection with the family offense petitions, a temporary order of custody and visitation was issued with respect to the custody petitions, and the Family Court subsequently held a hearing on all four petitions.

Thereafter, the Family Court, in two orders, each dated August 14, 2014, inter alia, (1) granted the father's petition for sole legal and physical custody of the child and awarded visitation to the mother, and, in effect, denied the mother's petition for sole custody; and (2) found that the mother committed the family offense of harassment in the second degree, dismissed the mother's family offense petition, granted the father's family offense petition, and vacated any temporary orders of protection that had been issued against the father in connection with the mother's family offense petition. The Family Court also issued an order of protection against the mother, dated August 14, 2014. The mother appeals, as limited by her brief.

Initially, although the order of protection issued by the Family Court in connection with the father's family offense petition expired by its own terms on February 14, 2015, the appeal has not been rendered academic "given the totality of the enduring legal and reputational consequences of the contested order of protection" (*Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 673 [2015]; *Matter of Parameswar v Parameswar*, 109 AD3d 473, 474 [2013]).

In making an initial custody or visitation determination, the court must consider what arrangement is in the best interests of the child under the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Saravia v Godzieba*, 120 AD3d 821, 821 [2014]; *Matter of Jules v Corriette*, 76 AD3d 1016, 1017 [2010]). "Factors to be considered include the quality of the home environment and

parental guidance, the ability of each parent to provide for the child's emotional and intellectual development, and the financial status and ability of each parent to provide for the child" (*Matter of Andrews v Mouzon*, 80 AD3d 761, 762 [2011]). The relative fitness of each parent, as well as the effect an award of custody to one parent might have on the child's relationship with the other parent also should be considered (*see Matter of Ivory B. v Shameccka D.B.*, 121 AD3d 674, 674-675 [2014]). "[W]illful interference with a noncustodial parent's right to visitation is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as a custodial parent" (*Matter of Joosten v Joosten*, 282 AD2d 748, 748 [2001] [internal quotation marks omitted], quoting *Matter of Glenn v Glenn*, 262 AD2d 885, 887 [1999]).

Since custody and visitation determinations "necessarily depend . . . to a great extent upon an assessment of the character and credibility of the parties and witnesses," such determinations "should not be set aside unless they lack a sound and substantial basis in the record" (*Matter of Diaz v Garcia*, 119 AD3d 682, 683 [2014], quoting *Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]).

Here, contrary to the mother's contentions, the Family Court's determination as to the best interests of the child with respect to custody and visitation, made after a hearing at which the court heard testimony from a number of witnesses, including the parties, has a sound and substantial basis in the record and, accordingly, will not be disturbed (*see Matter of Alleyne v Cochran*, 119 AD3d 1100, 1101 [2014]; *Matter of DeViteri v Saldana*, 95 AD3d 1221, 1222 [2012]; *Matter of Gast v Gast*, 50 AD3d 1189, 1190 [2008]).

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal" (*Matter of Tulshi v Tulshi*, 118 AD3d 716, 716 [2014] [internal quotation marks omitted]; *see Matter of Kondor v Kondor*, 109 AD3d 660, 660 [2013]), and should not be disturbed unless clearly unsupported by the record (*see Matter of Miloslau v Miloslau*, 112 AD3d 632 [2013]). The Family Court's determination that the mother's account of the incident that formed the basis of her family offense petition was incredible and that the father's version was credible also had a sound and substantial basis in the record and will not be disturbed (*see Matter of Tulshi v Tulshi*, 118 AD3d at 717; *Matter of Miloslau v Miloslau*, 112 AD3d at 632).

In a family offense proceeding, the allegations must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Silva v Silva*, 125 AD3d 869, 869 [2015]; *Matter of Miloslau v Miloslau*, 112 AD3d at 632). The evidence adduced at the hearing established, by a fair preponderance of the evidence, that the mother committed acts against the father which constituted the family offense of harassment in the second degree (*see* Penal Law § 240.26 [1]; Family Ct Act § 812 [1]; *Matter of Smith v Amedee*, 101 AD3d 1033, 1033 [2012]), warranting the issuance of an order of protection against the mother (*see Matter of Parameswar v Parameswar*, 109 AD3d at 474; *Matter of Hagopian v Hagopian*, 66 AD3d 1021, 1022 [2009]; *see also Matter of Cabeza v Cabeza*, 107 AD3d 793, 794 [2013]; *Matter of Winfield v Gammons*, 105 AD3d 753, 754 [2013]). The Family Court's determination not to credit the mother's testimony regarding the subject incident warranted dismissal of the mother's petition and vacatur of the temporary orders of protection that had been issued against the father (*see Matter of Tulshi v Tulshi*, 118 AD3d at 717; *Matter of Velazquez v Haffey*, 113 AD3d 783, 783 [2014]).

The mother's remaining contention is without merit. Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.