■ In the Matter of ONYI A. ATANMO, Respondent, v STEVENSON T. RICHARDS, Appellant. [41 NYS3d 128]—

Appeals by Stevenson T. Richards from (1) an order of fact-finding and disposition of the Family Court, Kings County (Maria Arias, J.), dated May 6, 2015, and (2) an order of protection of that court, also dated May 6, 2015. The order of fact-finding and disposition, after a hearing, granted the petitioner's family offense petition against Stevenson T. Richards. The order of protection directed Stevenson T. Richards, inter alia, to stay away from the petitioner until and including May 5, 2017.

Ordered that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.

The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8, alleging that the appellant had committed various family offenses against her. After a fact-finding hearing, during which the appellant did not testify, the Family Court determined that the credible unrefuted evidence supported a finding that the appellant committed the family offenses of assault in the third degree, harassment in the second degree, and criminal obstruction of breathing. The court then issued an order of protection which directed the appellant, inter alia, to stay away from the petitioner until and including May 5, 2017.

"In a family offense proceeding, the allegations must be 'supported by a fair preponderance of the evidence' " (*Matter of Jordan v Verni*, 139 AD3d 1067, 1068 [2016], quoting Family Ct Act § 832; *see Matter of Kiani v Kiani*, 134 AD3d 1036, 1037 [2015]). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court,

and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Savas v Bruen*, 139 AD3d 737, 738 [2016]; *see Matter of Niyazova v Shimunov*, 134 AD3d 1122, 1122 [2015]).

Here, the evidence adduced at the hearing established, by a fair preponderance of the evidence, that the appellant committed acts against the petitioner which constituted the family offenses of assault in the third degree, harassment in the second degree, and criminal obstruction of breathing (*see* Penal Law §§ 120.00 [1]; 121.11 [a]; 240.26 [1]; Family Ct Act § 812 [1]), warranting the issuance of an order of protection against him (*see Matter of Niyazova v Shimunov*, 134 AD3d at 1123; *Matter of Smith v Amedee*, 101 AD3d 1033 [2012]). The Family Court found that the petitioner's testimony that the appellant, inter alia, dragged, punched, and kneed her, in addition to grabbing her by the neck, was credible. Contrary to the appellant's contention, neither the testimony of his witness nor the content of a "Facebook" message sent to that witness by the petitioner after the incident had occurred contradicted that portion of the petitioner's testimony (*see Matter of Niyazova v Shimunov*, 134 AD3d at 1123). Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.