Appeal by Sean Avery from an order of protection of the Family Court, Suffolk County (George F. Harkin, J.), dated December 20, 2016. The order of protection, upon a finding that the appellant committed the family offense of harassment in the second degree, made after a hearing, directed him, inter alia, to stay away from the petitioner until and including December 20, 2017, and to immediately surrender any and all handguns, pistols, revolvers, shotguns, and any other firearms owned or possessed to the Suffolk County Police Department.
 

 Ordered that the order of protection is modified, on the law and the facts, by deleting the provision thereof directing the appellant to immediately surrender any and all handguns, pistols, revolvers, shotguns, and any other firearms owned or possessed to the Suffolk County Police Department; as so modified, the order of protection is affirmed, without costs or disbursements.
 

 In July 2016, the petitioner commenced a family offense proceeding against the appellant, her son-in-law. In October 2016, the Family Court granted the petitioner’s motion for leave to amend the petition to include an allegation that the appellant had committed the family offense of harassment in the second degree against her. After a hearing, the court found that the appellant committed the family offense of harassment in the second degree. The court then issued an order of protection directing the appellant, inter alia, to stay away from the petitioner for a period up to and including December 20, 2017. The order of protection also directed the appellant to immediately surrender any and all handguns, pistols, revolvers, shotguns, and any other firearms owned or possessed to the Suffolk County Police Department.
 

 There is no merit to the appellant’s contention that the Family Court erred in granting the petitioner’s motion for leave to amend the petition to include an allegation that the appellant’s conduct constituted the family offense of harassment in the second degree. Leave to amend a pleading should be freely given (see CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (see Matter of Price v Jenkins, 149 AD3d 954 [2017]; Matter of Cameron K. [Samuel M.], 104 AD3d 688, 688-689 [2013]). Here, the amendment did not allege any additional conduct by the appellant. Rather, the amendment added another family offense that was applicable to the conduct alleged.
 

 In a family offense proceeding, the allegations must be “supported by a fair preponderance of the evidence” (Family Ct Act § 832; see Matter of Tulshi v Tulshi, 118 AD3d 716 [2014]; Matter of Zina L. v Eldred L., 113 AD3d 852, 853 [2014]; Matter of Miloslau v Miloslau, 112 AD3d 632 [2013]). “The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court’s determination regarding the credibility of witnesses is entitled to great weight on appeal” (Matter of Zina L. v Eldred L., 113 AD3d at 853; see Matter of Tulshi v Tulshi, 118 AD3d at 716) and should not be disturbed unless clearly unsupported by the record (see Matter of Miloslau v Miloslau, 112 AD3d at 632). Contrary to the appellant’s contention, at the hearing, the petitioner established, by a fair preponderance of the evidence, that he committed acts which constituted the family offense of harassment in the second degree, warranting the issuance of an order of protection (see Matter of Lang v Dolphy, 128 AD3d 700 [2015]; Matter of Silva v Silva, 125 AD3d 869, 869-870 [2015]).
 

 However, the Family Court erred in directing the appellant to surrender any firearms in his possession during the pendency of the order of protection. The direction that the appellant surrender any firearms he owned or possessed was not warranted inasmuch as the court did not find, nor did the evidence indicate, “that the conduct which resulted in the issuance of the order of protection involved (i) the infliction of physical injury . . . , (ii) the use or threatened use of a deadly weapon or dangerous instrument . . . , or (iii) behavior constituting any violent felony offense” (Family Ct Act § 842-a [2] [a]), or that there is a “substantial risk that the [appellant] may use or threaten to use a firearm unlawfully against the person or persons for whose protection the order of protection is issued” (Family Ct Act § 842-a [2] [b]). Therefore, the court should not have directed the appellant to immediately surrender any and all handguns, pistols, revolvers, shotguns, and any other firearms owned or possessed to the Suffolk County Police Department during the pendency of the order of protection.
 

 The appellant’s remaining contentions are without merit.
 

 Austin, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.