Matter of Reyes v Reyes (2019 NY Slip Op 00283)





Matter of Reyes v Reyes


2019 NY Slip Op 00283


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-06347
2018-06433
 (Docket No. O-22829-17)

[*1]In the Matter of Una Reyes, respondent, 
v
Ryan P. Reyes, appellant.


Hector L. Santiago, Kew Gardens, NY, for appellant.
Diana Kelly, Jamaica, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Ryan P. Reyes appeals from (1) an order of fact-finding and disposition of the Family Court, Queens County (Mildred T. Negron, J.), dated March 29, 2018, and (2) an order of protection of the same court also dated March 29, 2018. The order of fact-finding and disposition, after a hearing, found that the appellant committed the family offense of harassment in the second degree. The order of protection, inter alia, directed the appellant to stay away from the petitioner's apartment until and including March 29, 2020.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
The petitioner, age 86, commenced this family offense proceeding against the appellant, who is her grandson, alleging that he had committed, among other things, the family offense of harassment in the second degree. Following a hearing, the Family Court found that the petitioner established, by a preponderance of the evidence, that the appellant had committed the family offense of harassment in the second degree, and issued a two-year order of protection.
A family offense must be established by a "fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Silva v Silva, 125 AD3d 869). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and that court's determination regarding the credibility of witnesses must be given great weight on appeal unless clearly unsupported by the record (see Matter of Magana v Delph, 163 AD3d 673, 674; Robbins v Robbins, 48 AD3d 822).
Here, according due deference to the credibility determinations of the Family Court, a fair preponderance of the evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.25[3]). The evidence demonstrated that the appellant, with the intent to harass, annoy, or alarm the petitioner, engaged in a course of conduct consisting of following the petitioner around her apartment, cursing at the petitioner, and staying in her apartment until all hours of the night, despite her numerous requests that he leave, which alarmed and frightened the petitioner and served no legitimate purpose (see Matter of Jackson v Idlettt, 103 AD3d 723).
Further, the evidence adduced at the hearing supported the issuance of a two-year order of protection (see Matter of Mistretta v Mistretta, 85 AD3d 1034, 1035).
The appellant's remaining contentions are without merit.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court