Matter of Zou v Zhang (2019 NY Slip Op 00891)





Matter of Zou v Zhang


2019 NY Slip Op 00891


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-07371
 (Docket No. O-14888-15)

[*1]In the Matter of Rose Zou, respondent, 
v
Ming Qiao Zhang, appellant.


Etta Ibok, Brooklyn, NY, for appellant.
Beth E. Goldman, New York, NY (Amanda M. Beltz of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Ming Qiao Zhang appeals from an order of protection of the Family Court, Kings County (Sharon A. Bourne-Clark, J.), dated June 23, 2017. The order of protection, upon a finding that Ming Qiao Zhang committed family offenses, made after a hearing, inter alia, directed him to stay away from the petitioner until and including June 22, 2022.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding, alleging that the appellant had committed various family offenses against her. After a fact-finding hearing, the Family Court found that the appellant committed acts constituting the family offenses of harassment in the first degree, harassment in the second degree, disorderly conduct, assault in the third degree, menacing in the third degree, sexual misconduct, and sexual abuse in the third degree. The court then issued an order of protection, inter alia, directing the appellant to stay away from the petitioner until and including June 22, 2022.
Here, where the Family Court determined that the petitioner established, by a fair preponderance of the evidence, that the appellant committed acts against her constituting the family offenses of harassment in the first degree, harassment in the second degree, disorderly conduct, assault in the third degree, menacing in the third degree, sexual misconduct, and sexual abuse in the third degree (see Penal Law §§ 120.00, 120.15, 130.20, 130.55, 240.20, 240.25, 240.26; Family Ct Act § 812[1]), the issuance of an order of protection against him was warranted (see Matter of Atanmo v Richards, 144 AD3d 1023, 1023-1024; Matter of Niyazova v Shimunov, 134 AD3d 1122, 1122-1123). The court found that the petitioner's testimony that the appellant, inter alia, engaged in sexual intercourse with her without her consent, dragged her, and slapped her, in addition to grabbing her by the neck and attempting to engage in sexual intercourse with her without her consent on other occasions, was credible, and we discern no basis to disturb its determination (see Matter of Lang v Dolphy, 128 AD3d 700; Matter of Wissink v Wissink, 13 AD3d 461).
The appellant's remaining contention is without merit.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court