Matter of Korszun v Kwas (2019 NY Slip Op 01214)





Matter of Korszun v Kwas


2019 NY Slip Op 01214


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2017-07510
 (Docket No. O-2793-17)

[*1]In the Matter of Annetta Korszun, respondent,
v
Matthew Kwas, appellant.


Matthew Kwas, Hicksville, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Matthew Kwas appeals from an order of protection of the Family Court, Nassau County (Conrad D. Singer, J.), dated May 2, 2017. The order of protection, upon a finding made after a fact-finding hearing that Matthew Kwas committed the family offense of harassment in the second degree, directed him, inter alia, to refrain from harassing the petitioner until and including May 1, 2018.
ORDERED that the order of protection is affirmed, without costs or disbursements.
In March 2017, the petitioner commenced this family offense proceeding against the appellant. After a fact-finding hearing, the Family Court found that the appellant had engaged in conduct constituting the family offense of harassment in the second degree. In the order of protection appealed from, the court directed the appellant, inter alia, to refrain from harassing the petitioner until and including May 1, 2018.
Although the order of protection expired by its own terms on May 1, 2018, the appeal has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673).
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record" (M.B. v L.T., 152 AD3d 475, 476; see Matter of Parra v Ponce, 165 AD3d 676).
Here, the Family Court's credibility determinations are supported by the record and will not be disturbed. According due deference to those determinations, a fair preponderance of the evidence presented at the fact-finding hearing supports the court's finding that the appellant committed the family offense of harassment in the second degree (see Penal Law § 240.26[1]), warranting issuance of an order of protection (see Matter of Reyes v Reyes, __ AD3d __, 2019 NY Slip Op 00283 [2d Dept 2019]).
The appellant's remaining contentions are either not properly before us or without [*2]merit.
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court