Matter of Esipova v Goloubev (2019 NY Slip Op 04940)





Matter of Esipova v Goloubev


2019 NY Slip Op 04940


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-10084
 (Docket No. O-3671/17)

[*1]In the Matter of Yuliya Esipova, respondent,
v
Alexei Goloubev, appellant.


Marion C. Perry, Brooklyn, NY, for appellant.
Michael Fineman, New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Kings County (Jennifer Mitek, Ct. Atty. Ref.), dated July 13, 2018. The order of protection, after a hearing, and upon a finding that the father committed the family offense of harassment in the second degree, inter alia, directed the father to refrain from communicating with the mother for a period up to and including July 12, 2019, subject to court-ordered parental access with the parties' child.
ORDERED that the order of protection is affirmed, without costs or disbursements.
In a family offense proceeding, the allegations must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Tulshi v Tulshi, 118 AD3d 716; Matter of Zina L. v Eldred L., 113 AD3d 852, 853; Matter of Miloslau v Miloslau, 112 AD3d 632). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal" (Matter of Zina L. v Eldred L., 113 AD3d at 853; see Matter of Tulshi v Tulshi, 118 AD3d at 716). The determination should not be disturbed unless clearly unsupported by the record (see Matter of Miloslau v Miloslau, 112 AD3d at 632).
The mother established, by a fair preponderance of the credible evidence, that the father committed acts which constituted the family offense of harassment in the second degree, warranting the issuance of an order of protection, when, with the intent to harass, annoy, or alarm another person, he engaged in a course of conduct that alarmed and seriously annoyed the mother, and which served no legitimate purpose (see Family Ct Act § 812[1]; Penal Law § 240.26[3]; Matter of Pochat v Pochat, 125 AD3d 660, 661-662).
While the Family Court was presented with sharply conflicting accounts by the parties regarding the subject incidents, we discern no basis to disturb its determination to credit the testimony of the mother (see Matter of Musheyev v Musheyev, 126 AD3d 800; see generally Matter of Hon v Tin Yat Chin, 117 AD3d 946; Matter of Kaur v Singh, 73 AD3d 1178).
We reject the father's contention that his conduct was protected by the First Amendment (see People v Shack, 86 NY2d 529, 535-536).
Contrary to the father's further contention, the Family Court providently exercised its discretion in permitting the mother to amend the petition to conform to the evidence presented at the hearing (see CPLR 3025[c]).
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court