Matter of Yurewich v Read (2022 NY Slip Op 05696)

Matter of Yurewich v Read

2022 NY Slip Op 05696

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2021-04243
 (Docket No. O-999-20)

[*1]In the Matter of Haydee Yurewich, respondent,
v
David Read, appellant.

Gary E. Eisenberg, New City, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, David Read appeals from an order of protection of the Family Court, Rockland County (Keith J. Cornell, J.), dated February 11, 2021. The order of protection, after a hearing, and upon a finding that David Read committed a family offense, directed him, inter alia, to stay away from the petitioner until and including February 10, 2022.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner filed a family offense petition against the appellant, who is her son, which alleged that the appellant had committed the family offenses of harassment in the first degree and/or harassment in the second degree against her. After a hearing, the Family Court found that the appellant had committed a family offense and issued an order of protection directing him, inter alia, to stay away from the petitioner until and including February 10, 2022.
Although the order of protection expired by its own terms on February 10, 2022, the appeal from that order has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668; Matter of Stringer v Grant, 187 AD3d 1198).
In a family offense proceeding, the allegations of the petition must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Vella v Dillman, 160 AD3d 883, 883-884). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court and the Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal'" (Matter of Tulshi v Tulshi, 118 AD3d 716, 716, quoting Matter of Pearlman v Pearlman, 78 AD3d 711, 712) and will not be disturbed "unless clearly unsupported by the record" (Matter of Streat v Streat, 117 AD3d 837, 837 [internal quotation marks omitted]).
Regarding the finding of the family offense, although the Family Court did not specify the degree of harassment under Family Court Act § 812(1) that the appellant committed, the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Kalyan v Trasybule, 189 AD3d 1046). A fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.26 [1]), warranting the issuance of an order of protection (see Matter of Rhoda v [*2]Avery, 155 AD3d 737, 738-739; Matter of Lang v Dolphy, 128 AD3d 700).
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court