Matter of Simmons v Caldwell-Simmons
2026 NY Slip Op 03810
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jessica Simmons, respondent,
v
Louisa Caldwell-Simmons, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-12645, (Docket No. O-2538-25)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Lisa S. Ottley, JJ.

Warren S. Hecht, Forest Hills, NY, for appellant.
Steven Feinman, White Plains, NY, for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Louisa Caldwell-Simmons appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated September 24, 2025. The order, after a hearing, found that Louisa Caldwell-Simmons committed the family offense of harassment in the second degree and directed the issuance of an order of protection.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner is the adult daughter of Louisa Caldwell-Simmons (hereinafter the appellant). The petitioner filed a family offense petition against the appellant regarding a physical altercation that occurred in June 2025. In an order dated September 24, 2025, after a hearing during which both parties testified, the Family Court found that the appellant committed the family offense of harassment in the second degree and directed the issuance of an order of protection. This appeal ensued.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Malcolm v Arnold, 238 AD3d 1042, 1043; Matter of Williams v Rodriguez, 225 AD3d 776, 777). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record (see Malcolm v Arnold, 238 AD3d at 1043; Matter of Williams v Rodriguez, 225 AD3d at 777).
Here, a fair preponderance of the evidence adduced at the fact-finding hearing supports the Family Court's finding that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.26[1]). The court was presented with sharply conflicting accounts by the parties regarding the subject incident, and the court's determination to credit the petitioner's testimony over the appellant's testimony is supported by the record (see Malcolm v Arnold, 238 AD3d at 1043; Matter of Niyazova v Shimunov, 134 AD3d 1122, 1122-1123).
The appellant's remaining contentions are improperly raised for the first time on appeal.
CONNOLLY, J.P., WOOTEN, VENTURA and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court