(December 13, 2007)

■ In the Matter of EBONY J., Respondent, v CLARENCE D., Appellant. [847 NYS2d 523]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about January 31, 2006, which, after a fact-finding hearing, determined that respondent-appellant committed acts constituting harassment and issued a two-year order of protection, unanimously reversed, on the law, without costs, and the order of protection vacated.

Although the court did not specify the degree of harassment it found respondent to have committed, a fair preponderance of the evidence at the fact-finding hearing does not support a finding of harassment in either the first or second degree, each of which is an enumerated family offense upon which the issuance of an order of protection may be premised (Family Ct Act § 812 [1]). The family offense petition is based solely upon conduct that occurred on October 28, 2005. At the fact-finding hearing, petitioner never testified concerning the fact alleged in the petition, to wit, that on that date, respondent grabbed her while she was holding the parties' child. No evidence was presented at the hearing that there was any physical contact between the parties on that date. In any event, an isolated incident does not constitute a course of conduct to support a finding of harassment in the first degree (see Penal Law § 240.25; *People v Wood*, 59 NY2d 811 [1983]). Nor is the evidence sufficient to support a finding of harassment in the second degree, given the facts that petitioner gave respondent her address so that he could visit his child, respondent went to petitioner's residence on the day in question to serve her with court papers seeking visitation with the parties' son, petitioner did not report respondent's threat to have his wife beat petitioner up to the police, and petitioner called respondent on the telephone to talk to him the day after the incident. The record is insufficient to support the inference that respondent intended to harass, annoy or alarm petitioner by his conduct on that day (Penal Law § 240.26). Concur—Lippman, P.J., Mazzarelli, Andrias, Buckley and Sweeny, JJ.