In a family offense proceeding pursuant to Family Court Act article 8, Kwame Opoku appeals from an order of protection of the Family Court, Suffolk County (Cheng, J.), dated October 11, 2012, which, after a hearing, and upon a finding that he committed the family offense of disorderly conduct, directed him, inter alia, to stay away from the petitioner and to refrain from harassing the petitioner.
Ordered that the order of protection is affirmed, without costs or disbursements.
Contrary to the appellant’s contention, the petitioner established, by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Scanziani v Hairston, 100 AD3d 1007 [2012]), that the appellant, who, inter alia, made verbal threats to the petitioner in the hallway of the Family Court building and physically blocked the petitioner’s car from exiting the parking lot of the Family Court, engaged in threatening behavior that recklessly created a risk of causing public inconvenience, annoyance, or alarm (see Fenal Law § 240.20; People v Weaver, 16 NY3d 123, 128-129 [2011]; see generally Matter of Cassie v Cassie, 109 AD3d 337 [2013]; cf. Matter of Hasbrouck v Hasbrouck, 59 AD3d 621 [2009]; Matter of Bartley v Bartley, 48 AD3d 678, 679 [2008]). Accordingly, a fair preponderance of the credible evidence supported the Family Court’s determination that the appellant committed acts which constituted the family offense of disorderly conduct (see Fenal Law § 240.20; Matter of Smith v Amedee, 101 AD3d 1033 [2012]), warranting the issuance of an order of protection. Skelos, J.E, Angiolillo, Leventhal and Chambers, JJ., concur.