■ In the Matter of JANET O. RETTO MARTINEZ, Respondent, v EPIE J. OTERO AVILES, Appellant. [976 NYS2d 393]—

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Queens County (Lebwohl, J.), dated December 12, 2012, which, after a hearing, and upon a finding that he committed the family offenses of disorderly conduct, harassment in the second degree, aggravated harassment in the second degree, and assault in the third degree, directed him, inter alia, to stay away from the mother until and including November 8, 2014.

Ordered that the order of protection is affirmed, without costs or disbursements.

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Bibolova v Radu*, 82 AD3d 1222, 1223 [2011]; *see Matter of Scioscia v Scioscia*, 89 AD3d 739, 740 [2011]; *Matter of Lallmohamed v Lallmohamed*, 23 AD3d 562 [2005]). Here, contrary to the Family Court's determination, the mother did not establish the family offense of disorderly conduct. She failed to show that the father's conduct was committed with the intent to cause, or recklessly posed a risk of causing, public inconvenience, annoyance, or alarm (*see* Penal Law § 240.20; *Matter of Cassie v Cassie*, 109 AD3d 337, 342, 344 [2013]; *see also People v Baker*, 20 NY3d 354, 360 [2013]; *cf. Matter of Banks v Opoku*, 109 AD3d 470 [2013]). However, a fair preponderance of the credible evidence supported the Family Court's determination that, between April 2009 and the fil-

ing of the petition in June 2011, the father committed the family offenses of harassment in the second degree, aggravated harassment in the second degree, and assault in the third degree, thus warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; Penal Law §§ 120.00, 240.26 [1]; 240.30; *Matter of Opray v Fitzharris,* 84 AD3d 1092, 1093 [2011]; *Matter of Kaur v Singh,* 73 AD3d 1178 [2010]; *McGuffog v Ginsberg,* 266 AD2d 136 [1999]; *see also Matter of Kondor v Kondor,* 109 AD3d 660 [2013]; *Matter of Draxler v Davis,* 11 AD3d 760 [2004]).

The father's remaining contention is without merit. Mastro, J.P., Lott, Austin and Hinds-Radix, JJ., concur.