In a family offense proceeding pursuant to Family Court Act article 8, Jose Acosta appeals from an order of protection of the Supreme Court, Kings County (Morgenstern, J.), dated January 14, 2013, which, after a fact-finding hearing, and upon a finding that he committed the family offenses of attempted assault in the third degree, menacing in the third degree, aggravated harassment in the second degree, and harassment in the second *825 degree, directed him, inter alia, to stay away from the petitioner for a period up to and including January 13, 2018.
Ordered that the order of protection is affirmed, without costs or disbursements.
“A family offense must be established by a ‘fair preponderance of the evidence’ ” (Matter of Alam v Alam, 108 AD3d 665, 666 [2013], quoting Family Ct Act § 832). “The determination of whether a family offense was committed is a factual issue to be resolved by the [hearing court], and that court’s determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record” (Matter of Bibolova v Radu, 82 AD3d 1222, 1223 [2011]; see Matter of Martinez v Aviles, 112 AD3d 719, 719 [2013]).
Here, the evidence proffered at the fact-finding hearing was insufficient to establish that the appellant committed the family offense of aggravated harassment in the second degree (see Penal Law § 240.30; Matter of London v Blazer, 2 AD3d 860 [2003]). However, a fair preponderance of the credible evidence supported the Family Court’s determination that the appellant committed the family offenses of attempted assault in the third degree, menacing in the third degree, and harassment in the second degree, thus warranting the issuance of an order of protection (see Penal Law §§ 110.10, 120.00 [1]; 120.15, 240.26 [1]; Matter of Martinez v Aviles, 112 AD3d 719 [2013]; Matter of Maiorino v Maiorino, 107 AD3d 717 [2013]).
The Family Court’s finding that aggravating circumstances were present was supported by the record (see Family Ct Act § 827 [a] [vii]; Matter of Kondor v Kondor, 109 AD3d 660, 661 [2013]; Matter of Harry v Harry, 85 AD3d 790, 791 [2011]).
Dillon, J.P, Hall, Cohen and Hinds-Radix, JJ., concur.