■ In the Matter of SASHA R., Respondent, v ALBERTO A., Appellant. [8 NYS3d 277]—

Order of protection, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about January 30, 2014, which, upon a fact-finding determination that respondent committed the family offenses of harassment in the second degree and disorderly conduct, granted petitioner a one-year order of protection against respondent, unanimously modified, on the law, to vacate the finding of harassment in the second degree, and otherwise affirmed, without costs.

Although the order of protection has expired by its own terms, the appeal is not moot in light of the enduring consequences of the finding that respondent has committed family offenses against petitioner (*see Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 671-672 [2015]).

The findings that respondent committed acts in 2003 and 2009 that constituted harassment in the second degree were improperly predicated upon facts not alleged in the petition (*see Matter of Anderson v Anderson*, 25 AD2d 512 [1st Dept 1966]; *Matter of Salazar v Melendez*, 97 AD3d 754, 755 [2d Dept 2012], *lv denied* 20 NY3d 852 [2012]). Accordingly, the finding that respondent committed the family offense of harassment in the second degree is vacated (*see e.g. Matter of Whittemore v Lloyd*, 266 AD2d 305 [2d Dept 1999]).

A fair preponderance of the evidence, however, supports the Referee's finding that respondent committed the family offense of disorderly conduct (*see* Family Ct Act § 832; Penal Law § 240.20 [3]). Petitioner testified that on two separate dates, while she was outside of her apartment building in a public place, respondent screamed obscenities and insults at her in an abusive manner (*see Matter of William M. v Elba Q.*, 121 AD3d 489 [1st Dept 2014]). There is no basis for disturbing the Referee's credibility determinations (*see Matter of Peter G. v Karleen K.*, 51 AD3d 541 [1st Dept 2008]). The finding that respondent committed acts which constituted the family offense of disorderly conduct warranted the issuance of the order of protection (*see Matter of Banks v Opoku*, 109 AD3d 470 [2d Dept 2013]).

Petitioner's contention that the order of protection should be continued for another year is not properly before this Court because she did not appeal (*see Matter of Opportune N. v Clarence N.*, 110 AD3d 430, 431 [1st Dept 2013]). Concur—Tom, J.P., Friedman, Renwick, Moskowitz and DeGrasse, JJ.