■ In the Matter of JOANNA GARCIA, Respondent, v ANTHONY MARINI, Appellant. [19 NYS3d 180]—Appeal from an order of protection of the Family Court, Westchester County (David Klein, J.), dated August 25, 2014. The order of protection, after a hearing, upon a finding, in effect, that the appellant committed the family offenses of disorderly conduct and harassment in the second degree, directed the appellant, inter alia, to stay away from the petitioner and the parties' child for a period up to and including August 25, 2016.

Ordered that the order of protection is affirmed, without costs or disbursements.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Ramdhanie v Ramdhanie*, 129 AD3d 737 [2015]; *Matter of Giresi-Palazzolo v Palazzolo*, 127 AD3d 752 [2015]; *Matter of Tulshi v Tulshi*, 118 AD3d 716 [2014]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Bibolova v Radu*, 82 AD3d 1222, 1223 [2011]; *see Matter of Martinez v Aviles*, 112 AD3d 719 [2013]). "Only competent, material and relevant evidence may be admitted in a fact-finding hearing" (Family Ct Act § 834; *see Matter of Walsh v Desroches*, 118 AD3d 813, 814 [2014]; *Matter of Nunziata v Nunziata*, 93 AD3d

800, 801 [2012]). Here, contrary to the Family Court's determination, the petitioner did not establish the family offense of disorderly conduct by competent evidence (see Family Ct Act § 834; Penal Law § 240.20; *Matter of Martinez v Aviles*, 112 AD3d at 719; *Matter of Cassie v Cassie*, 109 AD3d 337, 342 [2013]). However, the petitioner did sustain her burden with respect to the family offense of harassment in the second degree, thus warranting the issuance of the subject order of protection (see Family Ct Act §§ 812, 832; Penal Law § 240.26 [3]; *Matter of Lynn TT. v Joseph O.*, 129 AD3d 1129, 1130-1131 [2015]; *Dayan v Dayan*, 126 AD3d 749, 750 [2015]; *Matter of Bazante v Bazante*, 107 AD3d 707 [2013]).

The appellant's remaining contentions are without merit. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.