■ In the Matter of KIM YVETTE W., Respondent, v LEOLA PATRICIA W., Appellant. [34 NYS3d 14]—

Orders, Family Court, New York County (Christopher W. Coffey, Ref.), entered on or about September 4, 2015, which, upon a finding-determination that respondent daughter had committed the family offense of harassment in the second degree, granted petitioner mother a two-year order of protection against respondent, unanimously reversed, on the law, without costs, the orders vacated, and the petition dismissed.

The evidence proffered during the fact-finding hearing failed to establish, by a fair preponderance of the evidence, that respondent had committed the family offense of harassment in the second degree as alleged in the petition (Family Ct Act § 832). The petition alleged, among other things, that on August 12, 2015, at 2:30 p.m., the building superintendent told petitioner that he broke the lock on the door of her apartment to allow respondent access after she summoned the police. Although petitioner briefly testified during cross-examination that she had to pay for a lock to be repaired, she did not testify as to the date the lock was broken, that respondent broke it, or that the broken lock secured her apartment door (*see Matter of Ebony J. v Clarence D.*, 46 AD3d 309 [1st Dept 2007]). Petitioner's testimony during the dispositional hearing about the August 12, 2015 incident and her submission of a photograph purporting to show the broken lock caused by respondent is unavailing, because the evidence was not submitted during the fact-finding hearing.

Respondent's actions in the summer of 2013 could not support a finding that she had committed the family offense of harassment in the second degree, because the family offense petition contained no facts regarding those incidents (*see Matter of Sasha R. v Alberto A.*, 127 AD3d 567, 567 [1st Dept 2015]; *Matter of Salazar v Melendez*, 97 AD3d 754, 755 [2d Dept 2012], *lv denied* 20 NY3d 852 [2012]). Further, the remaining evidence at the fact-finding hearing was legally insufficient to support Family Court's fact-finding determination that respondent intended to harass, annoy or alarm petitioner (*see* Penal Law § 240.26). Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.