■ In the Matter of ZHUO HONG ZHENG, Appellant, v HSIN CHENG, Respondent. [42 NYS3d 290]—

Appeal by the petitioner from an order of the Family Court,

Kings County (Adam Silvera, J.), dated January 4, 2016. The order, after a hearing, dismissed the petitioner's family offense petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the petition is granted, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and the entry of an appropriate order of disposition thereafter, and for the issuance of a new temporary order of protection pending the disposition.

The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent, the father of the parties' child, alleging that he committed the family offenses of, inter alia, disorderly conduct and harassment in the second degree. After a hearing, the Family Court dismissed the petition, concluding that, although the petitioner's testimony was credible, she nonetheless failed to meet her burden of demonstrating that a family offense was committed.

The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Tulshi v Tulshi*, 118 AD3d 716 [2014]; *Matter of Zina L. v Eldred L.*, 113 AD3d 852, 853 [2014]). Contrary to the Family Court's determination, the petitioner established that the respondent committed the family offense of disorderly conduct (*see* Family Ct Act § 812 [1]; Penal Law § 240.20). The credible evidence presented at the hearing established that, while standing outside the petitioner's apartment building and with people walking past, the respondent was "yelling and raving" at the petitioner and using obscenities, in such a manner as recklessly created a risk of causing public inconvenience, annoyance, or alarm (*see* Penal Law § 240.20; *Matter of Sasha R. v Alberto A.*, 127 AD3d 567, 568 [2015]; *Matter of Banks v Opoku*, 109 AD3d 470 [2013]).

Contrary to the Family Court's further determination, the petitioner established that the respondent committed the family offense of harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26). The credible evidence presented at the hearing established that, on multiple occasions, the respondent engaged in threatening behavior, which served to "alarm or seriously annoy [the petitioner]," and served no legitimate purpose (Penal Law § 240.26 [3]; *see Matter of Frimer v Frimer*, 143 AD3d 895 [2d Dept 2016]; *Matter of Jacobs v Jacobs*, 138 AD3d 742, 743 [2016]).

The petitioner's remaining contention is unpreserved for appellate review. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.