■ In the Matter of DOMINICK V. SOMMELLA, JR., Respondent, v MARK KIMBLE, Appellant. [55 NYS3d 147]—

Appeals from (1) an order of fact-finding and disposition of the Family Court, Orange County (Christine P. Krahulik, J.), entered April 29, 2016, and (2) an order of protection of the same court entered February 9, 2016. The order of fact-finding and disposition, after a hearing, granted the family offense petition against the appellant, and directed him to comply with the conditions specified in the order of protection for a period of one year. The order of protection directed the appellant, inter alia, to stay away from the petitioner until and including February 9, 2017.

Ordered that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.

Initially, although the order of protection issued by the Family Court in connection with the family offense petition expired by its own terms on February 9, 2017, the appeal from the order of protection has not been rendered academic " 'given the totality of the enduring legal and reputational consequences of the contested order of protection' " (*Matter of Pierre v Dal*, 142 AD3d 1021, 1022 [2016], quoting *Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 673 [2015]; *see Matter of Crenshaw v Thorpe-Crenshaw*, 146 AD3d 951, 951-952 [2017]; *Matter of Niyazova v Shimunov*, 134 AD3d 1122, 1122 [2015]).

In this family offense proceeding, the Family Court conducted a fact-finding hearing on February 9, 2016, after which it issued the order of protection against the appellant. Thereafter, the court issued an order of fact-finding and disposition entered

April 29, 2016. Contrary to the appellant's contention, the testimony proffered at the fact-finding hearing established, by a fair preponderance of the evidence, that he committed the family offense of harassment in the second degree (Penal Law § 240.26 [3]; *see Matter of Molina v Hart*, 143 AD3d 723, 723 [2016]; *Matter of Kiani v Kiani*, 134 AD3d 1036, 1037 [2015]).

Accordingly, the Family Court properly issued an order of protection and granted the petition. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.