■ In the Matter of ERIK C. BLAMOVILLE, Respondent, v IRMA RENEE CULBERTSON, Appellant. (Proceeding No. 1.) In the Matter of IRMA RENEE CULBERTSON, Appellant, v ERIK C. BLAMOVILLE, Respondent. (Proceeding Nos. 2, 3 & 4.) [58 NYS3d 463]—

Appeals by Irma Renee Culbertson from (1) an order of protection of the Family Court, Nassau County (Conrad D. Singer, J.), dated February 9, 2016, (2) an order of fact-finding and disposition of that court dated February 10, 2016, and (3) three orders of that court, all dated March 9, 2016. The order of protection dated February 9, 2016, after a hearing, inter alia, directed Irma Renee Culbertson to stay away from Erik C. Blamoville until and including August 8, 2016. The order of fact-finding and disposition dated February 10, 2016, after a hearing, found that Irma Renee Culbertson committed the family offense of harassment in the second degree, granted Erik C. Blamoville's family offense petition against her, and directed her to comply with the conditions specified in the order of protection dated February 9, 2016. The first order dated March 9, 2016, after a hearing, dismissed Irma Renee Culbertson's petition dated January 15, 2016, alleging a violation of an order of protection dated July 7, 2015. The second order dated March 9, 2016, dismissed Irma Renee Culbertson's petition to

modify that order of protection. The third order dated March 9, 2016, after a hearing, dismissed Irma Renee Culbertson's petition dated October 9, 2015, alleging a violation of that order of protection.

Ordered that the appeal from the second order dated March 9, 2016, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order of protection dated February 9, 2016, the order of fact-finding and disposition dated February 10, 2016, and the first and third orders dated March 9, 2016, are affirmed, without costs or disbursements.

Erik C. Blamoville and Irma Renee Culbertson were in a relationship for a number of years. On July 7, 2015, after the relationship ended, mutual orders of protection were issued directing each party to refrain, inter alia, from harassing the other.

In October 2015, each party filed a petition alleging that the other party had violated the relevant July 2015 order of protection. Subsequently, in January 2016, Culbertson filed two additional petitions, one alleging a further violation of the July 2015 order of protection against Blamoville, and the second seeking to modify that order of protection.

On February 9, 2016, following a hearing, the Family Court issued an order of protection directing Culbertson, inter alia, to stay away from Blamoville until and including August 8, 2016. In an order of fact-finding and disposition dated February 10, 2016, the court found that Culbertson committed the family offense of harassment in the second degree, granted Blamoville's petition, and directed Culbertson to comply with the conditions specified in the order of protection dated February 9, 2016. In three separate orders dated March 9, 2016, after a hearing, the court dismissed both of Culbertson's violation petitions, as well as her modification petition. Culbertson appeals.

Although the order of protection against Culbertson dated February 9, 2016, expired by its own terms on August 8, 2016, the appeal from that order has not been rendered academic (see *Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 673 [2015]).

In determining whether the February 9, 2016, order of protection was properly granted, it must be determined if the Family Court correctly found that Culbertson committed the family offense of harassment in the second degree. The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, whose deter-

mination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (*see Matter of Bonilla v Acosta*, 117 AD3d 824, 825 [2014]; *Matter of Alam v Alam*, 108 AD3d 665, 666 [2013]). Contrary to Culbertson's contention, Blamoville established, by a fair preponderance of the credible evidence, that Culbertson committed the family offense of harassment in the second degree (Penal Law § 240.26 [3]; *see Matter of Sommella v Kimble*, 150 AD3d 1018 [2017]; *Matter of Molina v Hart*, 143 AD3d 723, 723 [2016]; *Matter of Kiani v Kiani*, 134 AD3d 1036, 1037 [2015]). Accordingly, the court properly granted Blamoville's petition and issued an order of protection directing Culbertson to stay away from him.

Moreover, taking into account the Family Court's credibility determinations, as well as the evidence adduced at the hearing, the court did not err in dismissing Culbertson's two violation petitions (*see Matter of Testa v Strickland*, 99 AD3d 917, 918 [2012]; *Matter of Ungar v Ungar*, 80 AD3d 771, 772 [2011]).

As Culbertson does not ask in her brief that the second order dated March 9, 2016, which dismissed her petition to modify a prior order of protection, be modified or reversed, the appeal from that order must be dismissed as abandoned (*see Matter of Sultana v Malek*, 96 AD3d 959 [2012]). Chambers, J.P., Miller, Barros and Connolly, JJ., concur.