■ In the Matter of RYAN PERRIE M., Respondent, v CADEN M., Appellant. [60 NYS3d 676]—

Order of protection, Family Court, Bronx County (Karen M.C. Cortes, Ref.), entered on or about June 15, 2016, which, upon a fact-finding determination that respondent committed the family offenses of assault in the third degree, attempted assault, and harassment in the second degree, directed her to refrain from threatening or committing a criminal offense against petitioner for a period of two years, unanimously modified, on the law, to vacate the finding of assault in the third degree, and otherwise affirmed, without costs.

The Referee erred in determining that respondent's actions constituted the family offense of assault in the third degree because the facts necessary to support such a finding were not alleged in the petition (*see Matter of Sasha R. v Alberto A.*, 127 AD3d 567 [1st Dept 2015]). Contrary to respondent's contention, however, the petition sufficiently alleged facts that, if proven, would constitute the family offenses of attempted assault (Family Ct Act § 812 [1]) and harassment in the second degree (Penal Law § 240.26; *see Matter of Brown-Winfield v Bailey*, 143 AD3d 707, 708 [2d Dept 2016]).

A fair preponderance of the evidence supports the finding that on December 15, 2015, respondent's actions constituted the family offense of harassment in the second degree because

it cannot be seriously argued that her statements that she was going to harm petitioner and her actions in following petitioner down the street and attempting to instigate a fight with her would not annoy or alarm petitioner or had a legitimate purpose. Respondent's intent to harass, annoy or alarm petitioner could be inferred from her conduct, including her threats to assault petitioner and her continued threatening and menacing manner even after others intervened (*see Mc-Guffog v Ginsberg*, 266 AD2d 136 [1st Dept 1999]).

There exists no basis upon which to disturb the Referee's credibility determinations (*see Matter of Chigusa Hosono D. v Jason George D.*, 137 AD3d 631, 632 [1st Dept 2016]). Concur—Tom, J.P., Mazzarelli, Andrias, Oing and Singh, JJ.