Matter of Lashlee v Lashlee (2018 NY Slip Op 03363)





Matter of Lashlee v Lashlee


2018 NY Slip Op 03363


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-10478
 (Docket No. O-6486-15)

[*1]In the Matter of Samuel M. Lashlee, appellant,
v
Deborah M. Lashlee, respondent.


Joseph Petito, Poughkeepsie, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent.
Diane P. Foley, Wappingers Falls, NY, attorney for the children.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), entered September 27, 2016. The order, after a hearing, dismissed the violation petition.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are divorced and have two children together. The petitioner (hereinafter the father) filed a violation petition alleging that the respondent (hereinafter the mother) willfully violated an order of protection dated June 2, 2016, which prohibited the parties from "discuss[ing] their difficulties or any litigation in any court, pending or otherwise, with or in the presence of the children." At the hearing, the father called the parties' two children to testify in support of his petition, but their testimony contradicted the allegations therein. He did not call the mother to testify. The Family Court, crediting the testimony of the children, dismissed the violation petition. The father appeals.
The determination as to whether a violation of a lawful order has been committed is a factual issue to be resolved by the hearing court, whose determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (see Blamoville v Culbertson, 151 AD3d 1058). In light of the Family Court's credibility determinations and the evidence adduced at the hearing, the court properly dismissed the father's violation petition.
Contrary to the father's contention, the Family Court providently exercised its discretion in declining to draw a negative inference against the mother for not testifying at the hearing. The father, as the petitioner, had the burden of proof to establish that the mother willfully violated the June 2, 2016, order of protection (see Matter of Graham v Rawley, 140 AD3d 765), and he failed to make a prima facie showing that the mother violated the order of protection.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court