Matter of Fruchthandler v Fruchthandler (2018 NY Slip Op 03832)





Matter of Fruchthandler v Fruchthandler


2018 NY Slip Op 03832


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-08445
2017-08446
 (Docket No. O-20403-16)

[*1]In the Matter of Leah Fruchthandler, respondent,
v
Ephraim Fruchthandler, appellant.


Cohen Clair Lans Greifer Thorpe & Rottenstreich, LLP, New York, NY (Joseph F. De Simone of counsel), for appellant.
Gassman Baiamonte Gruner, P.C., Garden City, NY (Karen Bodner of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the husband appeals from (1) an order of protection of the Family Court, Kings County (Javier E. Vargas, J.), dated July 21, 2017, and (2) an order of the same court dated July 24, 2017. The order of protection directed the husband to refrain from certain conduct with respect to the wife up to and including August 15, 2017. The order, after a fact-finding hearing, inter alia, denied the husband's motion to hold the wife in civil contempt, found that he committed acts constituting the family offense of harassment in the second degree, and placed him on probation for a period of one year.
ORDERED that the order of protection and the order are affirmed, with one bill of costs.
The parties are married, have lived together for more than 30 years, and are the parents of eight children. In August 2016, the wife commenced this family offense proceeding, alleging, inter alia, that the husband committed the family offense of harassment in the second degree by engaging in aggressive behavior toward her over a period of several months, and that on one occasion, he pushed her out of their bedroom, using a mattress he pulled off of her bed. In April 2017, the husband moved to hold the wife in civil contempt for failing to return his cell phone and any information taken from it by February 21, 2017, as directed by the Family Court after a fact-finding hearing held on February 16, 2017. The wife returned the cell phone on February 23, 2017. By order dated July 24, 2017, the court, after a fact-finding hearing, inter alia, found that the husband committed acts constituting the family offense of harassment in the second degree, denied the husband's motion to hold the wife in civil contempt, and placed him on probation for a period of one year. The court also issued an order of protection directing the husband to refrain from certain conduct toward the wife up to and including August 15, 2017. The husband appeals from the order and the order of protection.
Although the order of protection expired by its own terms, the appeal from that order has not been rendered academic " given the totality of [its] enduring legal and reputational consequences'" (Matter of Sommella v Kimble, 150 AD3d 1018, 1018, quoting Matter of Pierre v Dal, 142 AD3d 1021, 1022; see Matter of Blamoville v Culbertson, 151 AD3d 1058, 1059).
"A family offense must be established by a fair preponderance of the evidence" (M.B. [*2]v L.T., 152 AD3d 475, 476; see Family Ct Act § 832; Matter of Zhou Hong Zheng v Hsin Cheng, 144 AD3d 1166, 1167). "The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal unless clearly unsupported by the record" (M.B. v L.T., 152 AD3d at 476; see Matter of Armanious v Armanious, 152 AD3d 674; Matter of Crenshaw v Thorpe—Crenshaw, 146 AD3d 951, 952).
Here, contrary to the husband's contention, the Family Court's credibility determinations are supported by the record and will not be disturbed (see Matter of Jordan v Verni, 139 AD3d 1067, 1068; Matter of Jackson v Idlett, 103 AD3d 723, 723). According due deference to those determinations, a fair preponderance of the evidence adduced at the fact-finding hearing supported the court's finding that the husband committed the family offense of harassment in the second degree against the wife (see Penal Law § 240.26[1]), and the court properly issued an order of protection.
The Family Court properly denied the husband's motion to hold the wife in civil contempt for her alleged violation of a court order requiring, inter alia, the wife to return the husband's cell phone and any information taken from it. To prevail on a motion to hold another in civil contempt, the moving party must prove by clear and convincing evidence "(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct" (El-Dehdan v El-Dehdan, 114 AD3d 4, 16 [internal quotation marks omitted], affd 26 NY3d 19). "To satisfy the prejudice element, it is sufficient to allege and prove that the contemnor's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Astrada v Archer, 71 AD3d 803, 806-807). Here, the husband's papers failed to sufficiently allege that the wife defeated, impaired, impeded, or prejudiced his rights (see Judiciary Law § 753[A]; Whitehead v Whitehead, 122 AD3d 921, 922).
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court