Matter of Self v Self (2018 NY Slip Op 08312)





Matter of Self v Self


2018 NY Slip Op 08312


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-06073
 (Docket No. O-23371-15)

[*1]In the Matter of David Self, respondent, 
v
Gabriela Self, appellant.


Tennille M. Tatum-Evans, New York, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the mother appeals from an order of protection of the Family Court, Kings County (Sharon A. Bourne-Clarke, J.), entered May 30, 2017. The order of protection, upon a finding that the mother committed a family offense, made after a fact-finding hearing, directed the mother, among other things, to stay away from the father until and including May 4, 2018.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The parties are former spouses with a child in common. In September 2015, the father commenced this family offense proceeding, alleging, inter alia, that the mother had committed the family offense of disorderly conduct by destroying numerous items within his apartment, after which she was removed from the apartment by police and taken to the psychiatric ward of a hospital. After a fact-finding hearing, the Family Court, inter alia, found that the mother committed acts constituting the family offense of disorderly conduct and issued an order of protection directing her, among other things, to stay away from the father until and including May 4, 2018. The mother appeals from the order of protection.
Although the order of protection expired by its own terms, the appeal from that order has not been rendered academic "given the totality of [its] enduring legal and reputational consequences" (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; see Matter of Blamoville v Culbertson, 151 AD3d 1058, 1059).
"In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (Matter of Cassie v Cassie, 109 AD3d 337, 340, quoting Family Ct Act § 832; see Matter of Frimer v Frimer, 143 AD3d 895, 896; Matter of Bah v Bah, 112 AD3d 921). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Porter v Moore, 149 AD3d 1082, 1083).
Contrary to the mother's contention, a fair preponderance of the credible evidence supports the Family Court's determination that she committed the family offense of disorderly conduct, warranting the issuance of an order of protection (see Family Ct Act §§ 812[1]; 832, [*2]841[d]; Penal Law § 240.20[7]; People v Baker, 20 NY3d 354, 359; Matter of Cassie v Cassie, 109 AD3d at 342-343).
ROMAN, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court