Matter of Cristian M-B. v Rosalba S. (2019 NY Slip Op 02470)





Matter of Cristian M-B. v Rosalba S.


2019 NY Slip Op 02470


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


8865

[*1]In re Cristian M-B., Petitioner-Respondent,
v
Rosalba S., Respondent-Appellant.


Geoffrey P. Berman, Larchmont, for appellant.



Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about June 1, 2017, which, upon findings that respondent committed the family offenses of assault in the third degree (two counts), harassment in the second degree (two counts), and menacing in the second degree, granted the petition for a one-year order of protection on behalf of petitioner against respondent, unanimously modified, on the law, to vacate the finding of one count of assault in the third degree relating to the March 2016 incident, and otherwise affirmed, without costs.
The expiration of the order of protection does not render respondent's appeal moot in light of the "significant enduring consequences" of such an order (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]).
The court erred in determining that respondent's actions constituted the family offense of assault in the third degree during the March 2016 incident because the facts necessary to support such a finding were not alleged in the petition (see Matter of Sasha R. v Alberto A., 127 AD3d 567 [1st Dept 2017]). However, contrary to respondent's contention, the petition sufficiently alleged facts that would constitute the family offenses of harassment in the second degree (Penal Law § 240.26[1]), menacing in the second degree (Penal Law § 120.14[1]), and the second count of assault in the third degree (Penal Law § 120.00[1]).
Furthermore, a fair preponderance of the evidence supports the court's findings that respondent committed the offenses sufficiently alleged in the petition (Family Ct Act § 832), and there exists no basis to disturb the court's credibility determinations (see Matter of Everett C. v Oneida P., 61 AD3d 489 [1st Dept 2009]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK