Matter of Melissa N. v Jeffrey B. (2019 NY Slip Op 07492)





Matter of Melissa N. v Jeffrey B.


2019 NY Slip Op 07492


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Friedman, J.P., Renwick, Kapnick, Gesmer, Kern, JJ.


10107

[*1] In re Melissa N., Petitioner-Respondent,
v
Jeffrey B., Respondent-Appellant.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.



Order of fact-finding and disposition (one paper), Family Court, Bronx County (Valerie A. Pels, J.), entered on or about June 28, 2018, which, upon a fact-finding determination that respondent committed the family offense of harassment in the first degree, granted petitioner a two-year order of protection against respondent, unanimously modified, on the law and the facts, to vacate the finding of harassment in the first degree and substitute findings that respondent committed the family offenses of harassment in the second degree and disorderly conduct, and otherwise affirmed, without costs.
Family Court's determination that respondent's actions constituted the family offense of harassment in the first degree cannot be sustained, because that offense requires proof of a course of conduct or repeated commission of acts of harassment, while the petition alleged only a single incident (see Matter of Doris M. V Yarenis P., 161 AD3d 502 [1st Dept 2018]; Matter of Ryan Perrie M. v Caden M., 153 AD3d 1200 [1st Dept 2017]; see Family Court Act §§ 812[1]; 832 and Penal Law § 240.25).
Although Family Court did not make any findings concerning the other family offenses alleged, remand is not required because "the record is sufficiently complete to allow this Court to make an independent factual review and draw its own conclusions" (Matter of Charlene R. v Malachi R., 151 AD3d 482, 482 [1st Dept 2017]; see Matter of Allen v Black, 275 AD2d 207, 209 [1st Dept 2000]). Upon such review, and accepting Family Court's credibility determinations (Matter of Chigusa Hosono D. v Jason George D., 137 AD3d 631, 632 [1st Dept 2016]), we find that petitioner established by a fair preponderance of the evidence that respondent committed acts constituting the family offenses of harassment in the second degree and disorderly conduct during a visit with their son in a public place (Penal Law §§ 240.26; 240.20[2] and [3]; see Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1166 [3d Dept 2015], lv dismissed and denied 26 NY3d 998 [2015]; Matter of Banks v Opoku, 109 AD3d 470 [2d Dept 2013]). We also agree that the issuance of a two-year order of protection in petitioner's favor was proper (Family Ct Act §§ 842[a]; [c]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK