Matter of Benson v Smith (2019 NY Slip Op 09174)





Matter of Benson v Smith


2019 NY Slip Op 09174


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, NEMOYER, AND CURRAN, JJ.


1167 CAF 18-00745

[*1]IN THE MATTER OF JESSICA W. BENSON, PETITIONER-RESPONDENT,
v
JAMES T. SMITH, RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.
RAYMOND P. KOT, II, WILLIAMSVILLE, FOR PETITIONER-RESPONDENT.
MARYBETH D. BARNET, MIDDLESEX, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Steuben County (Mathew K. McCarthy, A.J.), entered April 2, 2018 in a proceeding pursuant to Family Court Act article 8. The appeal was held by this Court by order entered March 22, 2019, decision was reserved and the matter was remitted to Family Court, Steuben County, for further proceedings (170 AD3d 1640 [4th Dept 2019]). The proceedings were held and completed. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Respondent appeals from an order of protection issued upon a finding that he committed an unspecified family offense against petitioner. We previously held this case, reserved decision, and remitted the matter to Family Court to make the requisite factual findings (Matter of Benson v Smith, 170 AD3d 1640, 1641 [4th Dept 2019]). Upon remittal, the court clarified that its order of protection was based on respondent's commission of harassment in the second degree under Penal Law § 240.26 (1), which provides that "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same." We now reverse.
In our interpretation, and as the court itself noted following the fact-finding hearing, the petition alleged that respondent committed a family offense against petitioner only during an extended argument that began on April 30, 2017. At the fact-finding hearing, however, petitioner conceded that respondent did not strike, shove, kick or otherwise subject her to physical contact during that particular incident, and there was no evidence that respondent attempted or threatened to subject petitioner to any such contact during that incident. Thus, we agree with respondent that the evidence presented at the fact-finding hearing failed to establish by a fair preponderance of the evidence that he committed the family offense of harassment in the second degree under Penal Law § 240.26 (1) during that incident (see Matter of Kim Yvette W. v Leola Patricia W., 140 AD3d 495, 495 [1st Dept 2016]). The court's reliance on respondent's conduct during other incidents as the basis for finding that he committed that particular family offense was improper because the petition did not accuse respondent of committing a family offense against petitioner in connection with any incident other than the argument that began on April 30, 2017 (see generally id.; Matter of Ebony J. v Clarence D., 46 AD3d 309, 309 [1st Dept 2007]).
Respondent's remaining contention is academic in light of our determination.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court