Matter of Tawanda A.A. v Joseph D.A. (2020 NY Slip Op 06338)





Matter of Tawanda A.A. v Joseph D.A.


2020 NY Slip Op 06338


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Gische, J.P., Webber, González, Scarpulla, JJ. 


O-35379-18 Docket No. O-35379-18 Appeal No. 12258 Case No. 2019-03500 

[*1]In the Matter of Tawanda A.A., Petitioner-Respondent,
v
Joseph D.A., Respondent-Appellant.


Andrew J. Baer, New York, for appellant.
Diaz & Moskowitz, PLLC, Garden City (Hani M. Moskowitz of counsel), for respondent.



Order of fact-finding and disposition, Family Court, Bronx County (Tamra Walker, Ref.), entered on or about July 15, 2019, which granted the petition, upon a fact-finding determination that respondent committed the family offenses of harassment in the second degree and harassment in the first or second degree, unanimously modified, on the law and the facts, to vacate the finding of harassment in the first or second degree, affirm the determination of harassment in the second degree, and otherwise affirm, without costs.
The Family Court's finding that respondent committed the family offense of harassment in the second degree is supported by a fair preponderance of the evidence (see Family Ct Act § 832). Petitioner testified that during an argument, respondent grabbed her from behind and threw her on the coffee table, causing her pain and bruising to her back. The court properly inferred intent from respondent's actions and the surrounding circumstances (see Matter of Ramona A.A. v Juan M.N., 126 AD3d 611 [1st Dept 2015]).
While the Family Court erred in considering petitioner's testimony about an earlier incident that took place prior to December 2018, because the family offense petition failed to allege it (see Matter of Kim Yvette W. v Leola Patricia W., 140 AD3d 495 [1st Dept 2016]; Matter of Sasha R. v Alberto A., 127 AD3d 567 [1st Dept 2015]), there is nevertheless ample support in the record for the court's determination that petitioner proved that respondent committed the family offense of harassment in the second degree. 
Although the Family Court stated on the record that respondent committed acts which constituted the family offense of harassment in the second degree, its written order of fact-finding and disposition incorrectly stated that respondent also committed the family offenses of harassment in the first or second degree. An order must conform strictly to the court's decision (Di Prospero v Ford Motor Co., 105 AD2d 479, 480 [3d Dept 1984]), and where there is a conflict between the two, the decision controls (see Madison III Assocs. v Brock, 258 AD2d 355 [1st Dept 1999]). We modify the subject provisions of the order accordingly.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020