Matter of Camile S. v Deon S. (2021 NY Slip Op 05651)





Matter of Camile S. v Deon S.


2021 NY Slip Op 05651


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


 Docket No. O-28616/17 Appeal No. 14383 Case No. 2020-04345 

[*1]In the Matter of Camile S., Petitioner-Respondent,
v
Deon S., Respondent-Appellant.


Steven N. Feinman, White Plains, for appellant.
Steven P. Forbes, Huntington, for respondent.



Order, Family Court, Bronx County (Elenor Cherry, J.), entered on or about June 3, 2020, which, upon a fact-finding determination that respondent committed the family offenses of assault in the third degree (three counts) and harassment in the second degree (one count), granted the petition for a two-year order of protection on behalf of petitioner against respondent, unanimously modified, on the law, to vacate the findings of assault in the third degree relating to the 2009 incident and one of the March 2016 incidents, and otherwise affirmed, without costs.
A fair preponderance of the evidence supports the court's findings that respondent committed the offenses that occurred on one occasion in March 2016 and in October 2017, both of which were sufficiently alleged in the petition, and there exists no basis to disturb the court's credibility determinations (Family Court Act § 832; see Matter of Martha B. v Julian P., 133 AD3d 418, 418 [1st Dept 2015]).
However, although the evidence would support a finding that respondent's actions in connection with a 2009 incident constituted the family offense of assault in the third degree, the facts were not sufficiently alleged in the petition to provide notice (see Matter of Sasha R. v Alberto A., 127 AD3d 567, 567 [1st Dept 2015]). Furthermore, the finding that respondent committed assault in the third degree with respect to the second March 2016 incident, in which the parties had a dispute over money, is not supported by a fair preponderance of the evidence, as petitioner did not testify to any injuries after being hit in the face by respondent. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021