■ In the Matter of Toni Scanziani, Respondent, v Tonya Hairston, Appellant. [955 NYS2d 162]—

In a family offense proceeding pursuant to Family Court Act article 8, Tonya Hairston appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ross, J.H.O.), dated February 6, 2012, which, after a hearing, inter alia, found that she had committed the family offenses of harassment in the second degree and disorderly conduct, and directed her to comply with the terms of an order of protection of the same court dated February 6, 2012.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Pearlman v Pearlman*, 78 AD3d 711, 712 [2010]). "The determination of

whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (*Matter of Richardson v Richardson*, 80 AD3d 32, 43-44 [2010]).

Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supports the Family Court's determination that the appellant committed the family offenses of harassment in the second degree and disorderly conduct (*see* Penal Law §§ 240.26, 240.20; Family Ct Act §§ 812, 832), warranting the issuance of an order of protection (*see* Family Ct Act § 842).

The appellant's remaining contention is without merit. Florio, J.P., Leventhal, Austin and Roman, JJ., concur.