■ In the Matter of ANKICA KONSTATINE, Appellant, v RADE KONSTATINE, JR., Respondent. [968 NYS2d 166]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Jolly, J.), dated April 16, 2012, which, after a hearing, denied the petition.

Ordered that the order is reversed, on the facts, without costs or disbursements, the petition is granted, and the matter is remitted to the Family Court, Queens County, for the entry of an appropriate order of protection.

The petitioner commenced a family offense proceeding against her step-grandson, alleging that he committed the family offenses of, inter alia, assault in the third degree, harassment in the second degree, and disorderly conduct. After a hearing, the Family Court determined that the petitioner had failed to meet her burden of proof as to these offenses, and denied the petition.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Scanziani v Hairston*, 100 AD3d 1007 [2012]; *Matter of Pearlman v Pearlman*, 78 AD3d 711, 712 [2010]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (*Matter of Richardson v Richardson*, 80 AD3d 32, 43-44 [2010]; *see Matter of Winfield v Gammons*, 105 AD3d 753 [2013]; *Matter of Clarke-Golding v Golding*, 101 AD3d 1117 [2012]).

Here, while the Family Court properly concluded that the petitioner failed to establish the family offenses of assault in the third degree (*see* Penal Law §§ 10.00 [9]; 120.00), and disorderly conduct (*see* Penal Law § 240.20), the record does not support the Family Court's determination that the petitioner failed to

prove the family offense of harassment in the second degree. In order to establish that the respondent committed that offense, the petitioner was required to show that "with the intent to harass, annoy or alarm" her, the respondent struck, shoved, kicked or otherwise subjected her to "physical contact" or attempted or threatened to do so (Penal Law § 240.26). The credible evidence demonstrated that the respondent, whose father owned the petitioner's apartment, came to the petitioner's apartment in his capacity as his father's employee, and demanded that she vacate the apartment for failure to pay rent. When the petitioner refused, and threatened to call the police, the respondent shoved the petitioner, causing her to fall backwards onto the floor. Thus, the evidence demonstrated that the respondent shoved the petitioner with the intent to alarm her, so as to encourage her to vacate the apartment as he demanded (*see generally Lynn v State of New York*, 33 AD3d 673, 674 [2006]; *cf. Matter of Cavanaugh v Madden*, 298 AD2d 390 [2002]).

Accordingly, the family offense petition should have been granted, and we remit the matter to the Family Court, Queens County, for the entry of an appropriate order of protection. Rivera, J.P., Skelos, Chambers and Austin, JJ., concur.