■ In the Matter of MARIA MALIK, Respondent, v YASMIN SYED, Appellant. [20 NYS3d 389]—Appeal from an order of fact-finding and disposition of the Family Court, Queens County (Ronald E. Richter, J.), dated October 31, 2014. The order, insofar as appealed from, after a fact-finding hearing, found that Yasmin Syed committed certain family offenses within the meaning of Family Court Act § 812, and directed the issuance of an order of protection requiring her to stay away from the petitioner for a five-year period.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

A family offense must be established by a "fair preponder-

ance of the evidence" (Family Ct Act § 832). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (*see Matter of Abatantuno v Abatantuno*, 119 AD3d 779 [2014]; *Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]).

Contrary to the appellant's contention, a fair preponderance of the credible evidence supports the Family Court's determination that she committed the family offenses of menacing in the third degree (Penal Law § 120.15), harassment in the second degree (Penal Law § 240.26 [3]), disorderly conduct (Penal Law § 240.21), and assault in the third degree (Penal Law § 120.00 [1]), warranting the direction that an order of protection be issued (*see* Family Ct Act § 832).

Moreover, there was sufficient evidence to support the finding of the existence of aggravating circumstances (*see Matter of Charles v Charles*, 21 AD3d 487 [2005]; Family Ct Act § 827 [a] [vii]).

The appellant's remaining contentions are without merit.

Accordingly, the Family Court properly determined that the order of protection should remain in effect for a five-year period (*see* Family Ct Act § 842). Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.