■ In the Matter of SANDYE F. RENZ, Respondent, v FREDERICK LITTLE, Appellant. [26 NYS3d 777]—

Appeals from (1) an order of fact-finding and disposition of the Family Court, Kings County (Michael L. Katz, J.), dated December 16, 2014, and (2) an order of protection of that court also dated December 16, 2014. The order of fact-finding and disposition, after a hearing, granted the mother's family offense petition against the father. The order of protection directed the father, inter alia, to stay away from his daughter until and including December 16, 2016.

Ordered that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.

In November 2010, the mother filed a family offense petition pursuant to Family Court Act article 8 against the father, and

a temporary order of protection in favor of the parties' daughter was issued. In June 2011 and November 2011, while the hearing on that petition was pending, the mother filed petitions alleging that the father was in violation of the temporary order of protection. When the November 2010 petition came on for a hearing, the Family Court determined that all three of the mother's petitions would be treated as family offense petitions and heard together.

After the hearing, the Family Court found that the mother established that the father committed the family offenses of stalking in the fourth degree and harassment in the second degree, and issued a two-year order of protection directing the father, inter alia, to stay away from his daughter. The father appeals from the order of fact-finding and disposition and the order of protection.

A family offense must be established by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Malik v Syed, 133 AD3d 761, 761-762 [2015]; Matter of Scanziani v Hairston, 100 AD3d 1007, 1007 [2012]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Konstatine v Konstatine, 107 AD3d 994, 994 [2013] [internal quotation marks omitted]).

Here, the evidence adduced at the hearing established, by a fair preponderance of the evidence, that the father committed acts which constituted the family offenses of stalking in the fourth degree and harassment in the second degree (see Penal Law §§ 120.45 [2]; 240.26 [3]; Family Ct Act § 812 [1]), warranting the issuance of an order of protection against him. Furthermore, we reject the father's contention that his conduct was protected by the First Amendment to the United States Constitution (see People v Shack, 86 NY2d 529, 535-536 [1995]; People v Carboy, 37 Misc 3d 83, 85-86 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).

The father's remaining contentions are without merit. Mastro, J.P., Chambers, Roman and Barros, JJ., concur.