Matter of Khan v Khan (2018 NY Slip Op 06906)





Matter of Khan v Khan


2018 NY Slip Op 06906


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-11734
 (Docket No. O-18126-15/16B)

[*1]In the Matter of Ayesha Khan, respondent,
v
Mahmudul H. Khan, appellant.


Deana Balahtsis, New York, NY, for appellant.
New York Legal Assistance Group, New York, NY (Beth E. Goldman and Mark M. Hager of counsel), for respondent.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of protection of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated September 28, 2017. The order, after a hearing, and upon a finding that the husband committed family offenses within the meaning of Family Court Act § 812, directed him, inter alia, to stay away from the wife until and including August 1, 2022.
ORDERED that the order is affirmed, without costs or disbursements.
A family offense must be established by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Malik v Syed, 133 AD3d 761, 761-762; Matter of Scanziani v Hairston, 100 AD3d 1007, 1007). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Konstatine v Konstatine, 107 AD3d 994, 994 [internal quotation marks omitted]).
Here, the evidence adduced at the hearing established, by a fair preponderance of the evidence, that the husband committed acts which constituted the family offense of stalking in the fourth degree (see Penal Law § 120.45; Family Ct Act § 812), warranting the issuance of an order of protection against him. Contrary to the husband's further contention, there was sufficient evidence to support the Family Court's finding of the existence of aggravating circumstances (see Family Ct Act § 827[a][vii]).
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court