Matter of Espinal v Burton (2018 NY Slip Op 08296)





Matter of Espinal v Burton


2018 NY Slip Op 08296


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-13267
 (Docket No. O-17672-16)

[*1]In the Matter of Glory C. Espinal, respondent,
v
Dwayne A. Burton, appellant.


Helene Bernstein, Brooklyn, NY, for appellant.
Mark Brandys, New York, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the husband appeals from an order of fact-finding and disposition of the Family Court, Kings County (Nisha Menon, Ct. Atty. Ref.), dated November 20, 2017. The order, after fact-finding and dispositional hearings, found that the husband committed the family offense of stalking in the fourth degree, and directed him to comply with the terms set forth in an order of protection of the same court, also dated November 20, 2017, for a period of two years.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The parties are married and have one child in common. The wife filed a family offense petition seeking an order of protection against the husband. Following a fact-finding hearing, the Family Court found that the husband committed the family offense of stalking in the fourth degree, and directed him to comply with the terms set forth in an order of protection issued by the court. The husband appeals.
In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition (see Family Ct Act § 832; Matter of Bah v Bah, 112 AD3d 921, 921-922; Matter of Cassie v Cassie, 109 AD3d 337, 340). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal" (Matter of Nusbaum v Nusbaum, 59 AD3d 725, 725 [citations and internal quotation marks omitted]; see Matter of Vella v Dillman, 160 AD3d 883, 884; Matter of Kraus v Kraus, 26 AD3d 494, 495). Contrary to the husband's contention, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offense of stalking in the fourth degree, warranting the issuance of an order of protection (see Family Ct Act § 812[1]; Penal Law § 120.45; Matter of Renz v Little, 137 AD3d 920, 921; Matter of Charalambous v Zohios, 125 AD3d 963).
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court