Matter of Barbosa v Matias (2019 NY Slip Op 00114)





Matter of Barbosa v Matias


2019 NY Slip Op 00114


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-02946
 (Docket No. O-1311-17)

[*1]In the Matter of Noelia Barbosa, respondent, 
v
Jose Matias, appellant.


Adelola Sheralynn Dow, Staten Island, NY, for appellant.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of protection of the Family Court, Richmond County (Alexandra Byun, Ct. Atty. Ref.), dated February 6, 2018. The order, after a hearing, and upon a finding that the husband committed the family offense of harassment in the second degree, directed him, inter alia, to stay away from the wife until and including February 5, 2019.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The wife filed a family offense petition in the Family Court against her husband. The wife alleged, among other things, that the husband had committed family offenses against her, and she sought an order of protection against him. Following a fact-finding hearing, the court determined that the husband committed the family offense of harassment in the second degree against the wife. The court issued an order of protection, inter alia, directing the husband to stay away from the wife for a period of one year.
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Konstatine v Konstatine, 107 AD3d 994, 994).
Here, a fair preponderance of the credible evidence adduced at the fact-finding hearing supported a finding that the husband committed the family offense of harassment in the second degree against the wife (see Penal Law § 240.26[2], [3]; Family Ct Act § 812[1]; Matter of Washington v Washington, 158 AD3d at 717-718; Matter of Pierre v Dal, 142 AD3d 1021, 1023). Moreover, the Family Court providently exercised its discretion in directing the husband to stay away from the wife for a period of one year (see generally Family Ct Act § 842; Matter of Torres v Matos, 163 AD3d 583).
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court