Matter of Melo v Zuniga (2019 NY Slip Op 00439)





Matter of Melo v Zuniga


2019 NY Slip Op 00439


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-01870
 (Docket No. O-30559-15)

[*1]In the Matter of Fatima Vera Melo, respondent,
v
Bismark Zuniga, appellant.


Mark Brandys, New York, NY, for appellant.
Brooklyn Legal Services, Brooklyn, NY (Allison A. Dunlop of counsel), for respondent.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of protection of the Family Court, Kings County (Sharon A. B. Clarke, J.), dated December 7, 2017. The order of protection, upon a finding, made after a fact-finding hearing, that the appellant committed the family offenses of forcible touching, harassment in the first degree, and harassment in the second degree, directed him, after a dispositional hearing, inter alia, to stay away from the parties' residence until and including June 6, 2019.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant, her then husband. After a fact-finding hearing, the Family Court found that the appellant committed the family offenses of forcible touching, harassment in the first degree, and harassment in the second degree. After a dispositional hearing, the court issued an order of protection directing the appellant, inter alia, to stay away from the parties' residence until June 6, 2019.
In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition (see Family Ct Act § 832; Matter of Espinal v Burton, _____ AD3d _____, 2018 NY Slip Op 08296 [2d Dept 2018]; Matter of Vella v Dillman, 160 AD3d 883, 883-884; Matter of Bah v Bah, 112 AD3d 921, 921-922). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal" and will not be disturbed if supported by the record (Matter of Nusbaum v Nusbaum, 59 AD3d 725, 725 [citations and internal quotation marks omitted]; see Matter of Richardson v Richardson, 80 AD3d 32, 43-44).
Here, the Family Court was presented with conflicting testimony as to whether the appellant committed the family offenses of forcible touching, harassment in the first degree, and harassment in the second degree. The court's determination that the appellant had committed those family offenses was based upon its assessment of the credibility of the parties and is supported by a preponderance of the evidence (see Family Ct Act §§ 812, 832; Penal Law §§ 130.52, 240.25, [*2]240.26[1], [3]; Matter of Vella v Dillman, 160 AD3d at 884).
Contrary to the appellant's contention, the Family Court providently exercised its discretion in issuing an order of protection directing him, inter alia, to stay away from the parties' residence until June 6, 2019, because the order of protection was reasonably necessary to provide the petitioner with protection and to eradicate the root of the family disturbance (see Family Ct Act § 841[d]; Matter of Silva v Silva, 125 AD3d 869, 870; Matter of Mistretta v Mistretta, 85 AD3d 1034, 1035; Matter of Charles v Charles, 21 AD3d 487, 488).
The appellant's remaining contentions do not warrant reversal.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court