Matter of Feliciano v Cooper (2019 NY Slip Op 00872)





Matter of Feliciano v Cooper


2019 NY Slip Op 00872


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-01748
 (Docket No. O-30540-16)

[*1]In the Matter of Amanda Feliciano, respondent,
v
Orlando I. Cooper, appellant.


Ronna Gordon-Galchus, Fresh Meadows, NY, for appellant.
White & Case LLP, New York, NY (Kathryn H. Swisher of counsel), for respondent.
Janet Neustaetter, Brooklyn, NY, and Paul, Weiss, Rifkind, Wharton & Garrison, New York, NY (William B. Michael, Darren W. Johnson, and Edward C. Robinson, Jr., of counsel), attorney for the children (one brief filed).



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated January 8, 2018. The order, after a hearing, and upon a finding that the father committed certain family offenses within the meaning of Family Court Act § 812, directed him, inter alia, to stay away from the mother and the subject children until and including January 8, 2023.
ORDERED that the order of protection is affirmed, without costs or disbursements.
A family offense must be established by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Malik v Syed, 133 AD3d 761, 761-762; Matter of Scanziani v Hairston, 100 AD3d 1007, 1007). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Konstatine v Konstatine, 107 AD3d 994, 994 [internal quotation marks omitted]).
Here, the evidence adduced at a hearing established, by a fair preponderance of the evidence, that the father committed acts which constituted the family offenses of assault in the third degree, menacing in the third degree, and criminal obstruction of breathing or circulation (see Family Ct Act § 812[1]; Penal Law §§ 120.00, 120.15, 121.11[a]), warranting the issuance of an order of protection against him.
Contrary to the father's contention, there was sufficient evidence to support the Family Court's finding of the existence of aggravating circumstances warranting the issuance of an order of protection against the father and in favor of the mother and the children for a period of five years (see Family Ct Act §§ 827[a][vii]; 842).
The father's remaining contention is without merit.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court