Matter of Morley v Morley (2019 NY Slip Op 05405)





Matter of Morley v Morley


2019 NY Slip Op 05405


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-10222
 (Docket No. O-15604-16)

[*1]In the Matter of Kimberly Cripps Morley, respondent,
v
Matthew Morley, appellant.


The Law Offices of Joseph H. Nivin, P.C., Forest Hills, NY, for appellant.
Helene Bernstein, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the husband appeals from an order of protection of the Family Court, Queens County (Emily Ruben, J.), dated June 27, 2018. The order of protection, upon a fact-finding order of the same court dated March 14, 2018, made after a fact-finding hearing, finding that the husband committed the family offenses of aggravated harassment in the second degree, harassment in the second degree, stalking in the fourth degree, and reckless endangerment in the second degree, inter alia, directed him to stay away from the wife, except for incidental contact during the exchange of the parties' children, until and including December 27, 2018.
ORDERED that the order of protection is affirmed, without costs or disbursements.
Although the order of protection expired by its own terms on December 27, 2018, the appeal has not been rendered academic in light of the enduring consequences which may flow from a finding that the husband committed a family offense (see Matter of Korszun v Kwas, 169 AD3d 906, 907).
A family offense must be established by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Scanziani v Hairston, 100 AD3d 1007; Matter of Pearlman v Pearlman, 78 AD3d 711, 712). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Konstatine v Konstatine, 107 AD3d 994; Matter of Winfield v Gammons, 105 AD3d 753; Matter of Clarke-Golding v Golding, 101 AD3d 1117).
We agree with the Family Court that the evidence adduced at the hearing established, by a fair preponderance of the evidence, that the husband committed acts which constituted the family offenses of aggravated harassment in the second degree (see Penal Law § 240.30[2]); harassment in the second degree (see Penal Law § 240.26[3]; Matter of Pochat v Pochat, 125 AD3d 660, 661; Matter of Jackson v Idlett, 103 AD3d 723; Matter of Gray v Gray, 55 AD3d 909, 910); stalking in the fourth degree (see Penal Law § 120.45[3]; Matter of Lliguicota v Calva, 168 AD3d 1058); and reckless endangerment in the second degree (see Penal Law § 120.20; Family Ct Act § 812[1]; Matter of Ramdhanie v Ramdhanie, 129 AD3d 737, 737-738). Thus, the issuance of an [*2]order of protection against the husband was warranted.
The husband's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court